### TAYLOR, administrator, *v.* COLLEY *et al.*

1. In a petition for injunction, cancellation of deeds, and other equitable relief, in which it is sought to have a conveyance of land delivered up and cancelled, the grantee in the deed is a necessary party as well as the grantor. And the petition could be brought in the county of the residence of the grantee or in that of the grantor.

2. "A bill is not multifarious because all of the defendants are not interested in all of the matters contained in the suit. It is sufficient if each party has an interest in some matter in the suit which is common to all, and that they are connected with the others." *Blaisdell* v. *Bohr*, 68 *Ga.* 56.

3. Where a father, without taking legal steps to be appointed guardian of his infant daughter, took charge of property consisting of both realty and personalty, and, after attainment of majority by the child, wrongfully withheld a part of the property to which she had title, and soon after her attainment of majority, without disclosing to her the amount, character, and value of the property, and while she was "totally without mental capacity to contract," conveyed to her a portion only of the property to which she was legally entitled and took from her a deed to other portions of the property in excess of that to which he was legally entitled, and also took from her a receipt purporting on its face to be in consideration of a full settlement between them, such settlement and mutual exchange of deeds will not bar the right of action on the part of the child after the lapse of 16 years, it appearing that during that time she was without mental capacity to comprehend the nature of a contract or her legal rights, and that shortly after recovery from the mental disabilities under which she was laboring she instituted legal proceedings to ascertain and establish her right and title to the property involved in the settlement so made.

4. This being an equitable proceeding, and it appearing from the allega-
tions of the petition that the property which the father conveyed to
the child was only a part of that to which she was legally entitled at
the time of the conveyance, it is not necessary for her to offer to
return or reconvey that which the father conveyed to her, in order to
maintain the present action.

APRIL 10, 1912.

Equitable petition—demurrer. Before Judge Frank Park. Cal-
houn superior court. August 20, 1910.

*Calhoun & Rambo,* for plaintiff, cited, on jurisdiction: Civil
Code, §§ 3784, 3785, 5417, 5527, 6540, 4522, 5408; 124 *Ga.* 642;
68 *Ga.* 56, 554; 95 *Ga.* 47; 14 *Ga.* 342; 23 *Ga.* 139; 47 *Ga.* 511;
76 *Ga.* 675; 77 *Ga.* 454; 87 *Ga.* 316; 71 *Ga.* 300; 10 *Ga.* 547; 16
Cyc. 184. Laches: Civil Code, §§ 4173-4, 4374-5, 4380; 98 *Ga.*
484; 107 *Ga.* 807; 101 *Ga.* 165; 80 *Ga.* 185; 69 *Ga.* 362; 91
*Ga.* 821; 96 *Ga.* 120; 82 *Ga.* 685; 59 *Ga.* 675; 47 *Ga.* 134; 1 Bouv.
L. Dic. 843; 34 Wis. 119; 103 N. C. 81. Restitution: Civil Code,
§ 4592; 115 *Ga.* 130; 5 *Ga.* 22; 2 *Ga.* 442; 94 *Ga.* 572; 128 *Ga.* 423;
6 Cyc. 285, 313; 28 Enc. Pl. & Pr. 834. Cancellation, etc.: Civil
Code, §§ 3032, 3886, 3084, 3086, 3767, 3768, 3785, 4129, 4152,
4624, 4625, 4629, 4630, 4631; 41 *Ga.* 271; 115 *Ga.* 130; 77 *Ga.*
724; 24 *Ga.* 580; 6 *Ga.* 422; 55 *Ga.* 147; 65 *Ga.* 680; 67 *Ga.*
367; 107 *Ga.* 810; 98 *Ga.* 487; 84 *Ga.* 399; 72 *Ga.* 125, 558; 67
*Ga.* 364; 6 *Ga.* 421; 24 *Ga.* 580; 59 *Ga.* 793; 94 *Ga.* 358; 51 *Ga.*
181; 34 *Ga.* 438.

*Hawes & Pottle* and *W. D. Sheffield,* for defendant, cited, on
jurisdiction: 80 *Ga.* 551. Laches: 62 *Ga.* 730; 82 *Ga.* 478; 100
*Ga.* 628; 102 *Ga.* 742; 5 *Ga.* 341; 31 *Ga.* 527; 112 *Ga.* 319; 131
*Ga.* 470. Restitution: 41 *Ga.* 171; 62 *Ga.* 729; 110 *Ga.* 395; 99
*Ga.* 595; 6 *Ga.* 516; 109 *Ga.* 666; 97 *Ga.* 560.

BECK, J. The petition alleges the following: In 1873, when
petitioner was but a few months old, her mother died intestate, leav-
ing, besides certain personalty, an estate consisting of four lots
of land in Calhoun county. Her only heirs at law were petitioner
and petitioner's father, G. R. Colley. Said Colley immediately took
charge of the entire estate left by his deceased wife, without ad-
ministration, without being appointed the legal guardian of peti-
tioner, and without giving the guardian's bond required by law.
He married again and had other children; and petitioner grew up
in ignorance of the fact that she had inherited any property from
her mother, and was not apprised of this fact by her father or any

one else until the year 1894, shortly after she became 21 years of age, when her father then sent for her and informed her that her mother had left her an interest in her estate, not telling her of what this estate consisted. He executed a deed conveying to her one of the four lots of land above mentioned, and took from her a deed conveying to him the other three lots. At the same time he caused her to execute a receipt reading as follows: "Received of G. R. Colley deed to one lot of land 102 in the 4th Dist. of Calhoun county, in full for all demands, and in full settlement of all claims that I hold against him." At the time. she undertook to make this settlement and signed the deed and receipt, she was "totally. without mental capacity to contract." From that time on she was "gradually losing her mind, which continued until 1901, when she, upon the application of the said G. R. Colley, was tried for lunacy, found by the jury to be a lunatic, and sent to the asylum at Milledgeville, Ga." She was released from the insane asylum in December, 1901, but she continued to be of such unsound mind as to be incapable of comprehending the nature of a contract, or to "attend to any business of any kind or nature whatsoever," until about the first of January, 1909, when she was for the first time capable of looking after and attending to business matters to some extent, at which time she employed counsel and began proceedings to establish her rights in the premises. At the time G. R. Colley was married to petitioner's mother he had no property whatsoever, but "with the money received from her mother's estate, and with the increment from said estate, in all of which your petitioner had a one-half undivided interest," he purchased a certain other lot of land in Calhoun county, which he afterwards conveyed to his present wife for love and affection, and she has since traded that lot for a house and lot in Arlington, Ga. G. R. Colley has also deeded to the present Mrs. G. R. Colley portions of the original lots of land embraced in petitioner's mother's estate, in which petitioner claims an interest. He executed a deed conveying to Unice Colley Sheffield, who is the daughter of G. R. Colley and his present wife, fifty acres of land, being a portion of one of the lots of land originally belonging to the estate of petitioner's deceased mother. Both the present Mrs. Colley and Unice Colley Sheffield took the deeds above referred to with full knowledge of petitioner's claim of title to an interest in the lands sought

to be conveyed. Unice Colley Sheffield is in possession of all of lots 108, 109, and 144, as the tenant of G. R. Colley, under a five-year lease, having full knowledge of petitioner's claim to an interest in said lots. Besides other equitable relief, petitioner prays: for an accounting on the part of G. R. Colley; that the deed executed by her, conveying to him lots of land 108, 109, and 144, be cancelled; that all deeds whereby he sought to convey to the present Mrs. Colley and to Unice Colley Sheffield portions of the estate of petitioner's mother be cancelled; and that it be decreed that petitioner have a half undivided interest in all of said estate, and a like interest in the house and lot in Arlington, Ga., now held by Mrs. Colley; and that process issue, making both Mrs. Colley and Unice C. Sheffield parties defendant, as well as G. R. Colley. The defendants filed general and special demurrers; but the court dismissed the petition on general demurrer, without passing upon the special demurrers. The petitioner, Mrs. Davis Baker, died pending the decision of this court, and the case proceeded in the name of her administrator.

1. Under the allegations in the petition Unice Colley Sheffield, who resides in Calhoun county, is a necessary party. Substantial relief is prayed against her. The plaintiff is seeking to have a deed made by G. R. Colley to Unice Colley Sheffield conveying certain lands in Calhoun county set aside and cancelled, it being shown in the petition that the plaintiff claims title to a part of these lands and that Unice Colley Sheffield had knowledge of the plaintiff's claim of title at the date of the execution of the deed. If the plaintiff's allegation of fraud against her father, G. R. Colley, can be established, she will be entitled to recover an interest in this land in Calhoun county, upon proof that Unice Colley Sheffield took with knowledge of the plaintiff's title to the premises in dispute, which lie in the county in which the suit is brought. Other equitable relief is also sought against G. R. Colley and Unice C. Sheffield, which it is unnecessary to set forth here, because sufficient ground for holding that Unice C. Sheffield is a necessary party to these proceedings is shown by the statement above made. Consequently the suit was properly brought in the county of Calhoun.

2. The petition also sets forth a case entitling her to substantial equitable relief against the wife of G. R. Colley. The relief sought

relates to conveyances of title to portions of the lands which descended from the former wife of G. R. Colley, the mother of the plaintiff. In fact, the entire controversy revolves about the controlling question as to whether or not the plaintiff is entitled to recover the lands which it is alleged descended from the former Mrs. G. R. Colley to this petitioner and her father, and both the present Mrs. G. R. Colley and Unice Colley Sheffield are interested in that controlling question; and a full settlement of the controversy between the plaintiff and her father relative to their respective interests and rights in the property which G. R. Colley and petitioner inherited from the mother of petitioner, the former wife of G. R. Colley, could not be determined without making both Unice Colley Sheffield and the present Mrs. G. R. Colley parties to the suit.

3. It is insisted by way of general demurrer that the petition "shows on its face that plaintiff is barred of her action, if any she had, by laches and lapse of time, and no sufficient reason is alleged why the action was not sooner brought, or why plaintiff did not sooner discover the alleged fraud which had been perpetrated upon her." Upon demurrer we are to treat the allegations of the petition as true; and taking them as true, the ground of the demurrer just quoted is entirely without merit. The plaintiff was less than a year old when her mother died. The petition detailed circumstances showing that she was kept in ignorance of the fact that her mother had left any property to which plaintiff had any claim of title, until the year 1894, a few months after her attainment of her majority; that then her father, who had never been appointed her legal guardian, but was acting as guardian without authority so to do relatively to one half of the property which constituted her deceased mother's estate, made only a partial disclosure as to the property which had descended to petitioner; and that even if he had made a full disclosure at that time, she was utterly unable to comprehend her rights or to take any steps to ascertain and have them established. He executed a deed of conveyance to petitioner of a part of the lands of the estate of the deceased wife and mother, which part was far less than the plaintiff's portion of these lands, both as to quantity and as to value, and took from her at that time a deed to the remaining portion of her mother's estate and a receipt signed by petitioner; and this receipt and

these deeds are relied upon to show a settlement between father and daughter or an accord and satisfaction. Under the facts alleged in the petition, it could not amount to either in contemplation of the law. A settlement between parties of matters in controversy, or an accord and satisfaction, implies capacity to contract upon the part of the parties to the settlement or to the accord; and in the present case one of the parties was a man of mature years and of business experience, in the full possession of his faculties, and he was dealing with his own daughter, who was a woman barely 21 years of age, who had been reared in total ignorance of her property rights and who "was totally without mental capacity to contract." That being true, the alleged settlement or accord and satisfaction was entirely without binding effect upon the rights of the plaintiff in this case. The mere statement of the proposition is sufficient. If the complainant was not barred by the alleged accord and satisfaction, she is not barred of her action "by laches and lapse of time," as the demurrant insists. She gives ample reason "why the action was not sooner brought, or why plaintiff did not sooner discover the alleged fraud which had been perpetrated upon her." She was totally lacking in mental capacity to contract at the time of making the alleged settlement in 1894, and from that date her mind became gradually weaker, until in 1901, in proceedings instituted by her father, she was adjudged a lunatic and sent to the asylum for the insane, where she remained until the 25th day of December, 1901. "From the date of her return from the asylum to about the first day of January, 1908, petitioner's mind was in such an impaired and unsound condition that she was wholly, absolutely, and totally unfit to attend to any business of any kind or nature whatsoever, but that from about the first day of January, 1908, her mind began gradually to clear, . . and it was not until on or about the first day of January, 1909, that she was able to look after and attend to the ordinary business of an ordinary person; and soon thereafter, discovering the fraud perpetrated on her by her father, . . she employed counsel and caused an ejectment suit against G. R. Colley to be brought." The ejectment suit referred to was brought by petitioner on the 18th day of April, 1909, to recover her interest in lot of land 108, together with her interest in lots of land 109 and 144 in the 4th district of Calhoun county, which includes a part of the land brought into controversy

by the present suit. Subsequently petitioner dismissed the ejectment suit referred to, and "in lieu thereof" brought this equitable petition. Under the facts and circumstances set forth above we do not understand how it can be seriously contended that petitioner is barred by lapse of time or laches from maintaining this action. If she can maintain the allegations in her petition by evidence, she is clearly entitled to relief in equity.

It will be observed that we are here dealing only with the general demurrer, as it was expressly stated in the order of the court below that the special demurrers were not passed upon, and the petition was dismissed on general demurrer.

4. This being an equitable proceeding, and it appearing from the allegations of the petition that the property which the father conveyed to the child was only a part of that to which she was legally entitled at the time of the conveyance, it is not necessary for her to offer to return or reconvey that which the father had conveyed to her, in order to maintain the present action. See *Collier* v. *Collier*, 137 *Ga.* 658 (74 S. E. 275).

*Judgment reversed. All the Justices concur.*