ZEIGLER v. ARNETT et al.

HILL, J.  Tallulah O. Arnett and others brought an equitable petition against S. W. Zeigler as sole defendant, to recover a described tract of land, and to obtain a decree cancelling .two deeds alleged to have been given to secure debts, as being a cloud on her title.  A demurrer was overruled.  After a verdict in favor of the plaintiffs, a motion for a new trial was made by the defendant, which was overruled, and he excepted, assigning error also on the overruling of the demurrer.  The demurrer set up, among other grounds, a nonjoinder of parties defendant.  One of the deeds sought to be cancelled was a warranty deed from one of the complainants, Robert Arnett Jr., and others to George W. Waters, and the other a warranty deed from Robert Arnett Jr. and another to E. D. White Sr., both of which were alleged to have been given to secure debts which had been fully paid.  Waters also made a conveyance to White, who made a quitclaim deed to the defendant.  The demurrer averred a nonjoinder in that Waters and White were not made parties. *Held*, that as grantees they were necessary parties to a proceeding seeking a cancellation of the deeds to them.  *Taylor* v. *Colley*, 138 *Ga.* 41 (74 S. E. 694).

(*a*)  There was no error in overruling the general demurrer based on the ground that no cause of action was set out.

(*b*)  The case having proceeded to trial in the absence of necessary parties, ·we will not adjudicate questions arising on the trial, but reverse the judgment because of the error in overruling the demurrer raising the question of nonjoinder of parties.

> *Judgment reversed.  All the Justices concur.*
> SEPTEMBER 23, 1914.

Complaint for land.  Before Judge Rawlings.  Screven superior court.  June 19, 1913.

*White & Lovett,* for plaintiff in error.

*H. L. Howard* and *E. K. Overstreet,* contra.