ATLANTA, BIRMINGHAM AND ATLANTIC RAILWAY COMPANY *v.* SMITH *et al.*

FISH, C. J. The devisees under a certain will instituted an action in Ware county against the Atlanta, Birmingham and Atlantic Railway Company, a corporation whose principal office was in Fulton county. The petition alleged, that the plaintiffs owned described land to which the defendant claimed title under a deed made by the executor of such will, which deed was void for want of authority on the part of the executor to execute it; and that the defendant was undertaking to destroy the improvements on the land, and to commit irreparable injury. The prayers were, (*a*) for injunction, (*b*) for cancellation of the deed from the executor to the defendant, (*c*) for recovery of possession of the land and mesne profits, and (*d*) for general relief. The defendant filed a plea to the jurisdiction, and subsequently interposed a demurrer which set up, among other things, that the petition showed upon its face that the court was without jurisdiction. The plaintiffs were allowed to amend their petition so as to make the executor, who resided in Ware county, a party defendant, and in other respects not here material. At the interlocutory hearing the judge granted an ad interim injunction. The railway company excepted. *Held:*

1. The executor was a necessary party for the cancellation of the deed he made. *Pierce* v. *Middle Georgia Land &c. Co.*, 131 *Ga.* 99 (3) (61 S. E. 1114); *Zeigler* v. *Arnett*, 142 *Ga.* 487 (83 S. E. 112). It follows that the amendment making him a party defendant was properly allowed.

2. The prayer for cancellation involved substantial relief against the executor as well as against the railway company, and the suit could be brought against both in the county of the residence of either, and was therefore not improperly brought in the county of the executor's residence. *Bird* v. *Trapnell*, 147 *Ga.* 50 (5), 52 (92 S. E. 872).

3. The court, having acquired jurisdiction for the cancellation of the deed, could retain jurisdiction for other equitable relief, such as the grant of an injunction. Civil Code, § 4522; *Martin* v. *Tidwell*, 36 *Ga.* 332; *Hall* v. *English*, 47 *Ga.* 511 (2).

4. Under the pleadings and the evidence the court did not err in grant-
ing the interlocutory injunction.

*Judgment affirmed. All the Justices concur.*

No. 577. August 13, 1918.

Injunction. Before Judge Summerall. Ware superior court.
July 27, 1917.

*Bolling Whitfield* and *J. L. Sweat,* for plaintiff in error.

*Parker & Parker,* contra.