## BANK OF COMMERCE <em>v.</em> MALLICOAT <em>et al.</em>

1. An equitable suit for the cancellation of a deed can not be maintained without making the grantor in such deed a party defendant. But a creditor may in such a suit, after striking the prayer for cancellation, attack a deed as fraudulent upon the ground that it was executed in pursuance of a scheme between the husband of the grantee, the grantee herself, and the parents of the grantee, who were the grantors in such deed, so as to subject the interest of the debtor (the husband) in the land to the creditor's claim, where the creditor's claim is one for money borrowed by the husband with which to make improvements upon the lot of land.

2. Under the evidence in the case issues of fact arose which should have been submitted to the jury under proper instructions from the court; and the court erred in directing a verdict.

No. 1702.   MAY 17, 1920.

Equitable petition.   Before Judge Wright.   Chattooga superior court.   September 9, 1919.

Bank of Commerce, of Summerville, hereinafter called the bank, brought its equitable petition against H. D. Mallicoat and his wife, Mrs. Mary Mallicoat, and W. M. Rich as an individual and as administrator of the estate of his deceased wife, Mrs. Mary B. Rich, alleging that in February, 1912, on H. D. Mallicoat representing that he had purchased from W. M. and Mary B. Rich a half undivided interest in certain described property, that he had paid for the same but had not then obtained a deed thereto, and that he desired to borrow sufficient money to build a home on said prop-

erty, and that as soon as the deed conveying the property to him was executed he would execute proper papers creating a lien in favor of the bank upon the land, and in consideration of these representations and terms, the bank did lend him $2400, taking therefor his promissory notes, which have been renewed from time to time until at the time of bringing its suit the petitioner held two certain notes of his, dated February 4, 1916, for the sum of $1200 each, due March 4 and May 8, 1916, respectively. It is further alleged that Mrs. Mary B. Rich and W. M. Rich failed and refused to make H. D. Mallicoat a deed to an undivided half interest in the property, although he had paid for the same, but on the contrary that they executed and delivered a deed to Mrs. Mary Mallicoat, conveying to her the entire interest in the property, the deed being dated November 27, 1914, after the petitioner had loaned the money to H. D. Mallicoat and after the house had been built on the property; that the consideration expressed in the deed is $400 and love and affection, Mrs. Mallicoat being the daughter of W. M. and Mrs. Mary B. Rich; that H. D. Mallicoat obtained the money on the faith of the statements referred to, and has frequently expressed a willingness to create a lien in favor of the petitioner as soon as he obtained title to his interest in the property, but his wife refused to convey to him his interest in the property, claiming the entire property as her own; and the effect of this was to prevent H. D. Mallicoat from creating the lien as he had agreed to do. It is charged that all the parties to the deed knew of the arrangement between Mallicoat and the bank; that if Mallicoat was a party to the transaction, the effect of the conveyance would be a gift on his part to his wife for the purpose of delaying and defrauding his creditors; and that Mallicoat has become insolvent. Petitioner prayed, that process issue against the defendants; for judgment against H. D. Mallicoat for the amount due on the notes; that the deed from W. M. and Mary B. Rich to Mrs. Mary Mallicoat be cancelled; that W. M. Rich as administrator and as an individual be required to execute a deed to H. D. Mallicoat to an undivided half interest in the property; that by a proper decree an undivided half interest in said land and the house built thereon be subjected to the payment of petitioner's debt; that a special lien be created in petitioner's favor; for injunction; and for general relief. By amendment petitioner struck the name of W. M. Rich

as administrator and as an individual as a party defendant, and the prayers for a cancellation of the deed and for a decree requiring W. M. Rich as an individual and as administrator to execute and deliver a deed. H. D. Mallicoat answered, denying that the money borrowed was for the purpose of building a house on the lot, and setting up that it was used in the business of a partnership between himself and the cashier of the bank. Mrs. Mallicoat also answered, denying that the conveyance was in any wise a voluntary conveyance or transaction between the husband and wife for the purpose of defrauding creditors, or that plaintiff had any right or claim against the property. Upon the trial the court directed a verdict finding in favor of the plaintiff against H. D. Mallicoat the sums claimed as principal and interest; and finding in favor of the defendants on all other questions, and against the contention of the plaintiff that the property should be subjected to the payment of the debt. The plaintiff excepted.

*J. M. Bellah* and *Maddox & Doyal,* for plaintiff.

*John D. & E. S. Taylor, Denny & Wright,* and *C. D. Rivers,* for defendants.

BECK, P. J. (After stating the foregoing facts.) The issues made under the evidence in this case should have been submitted to the jury under proper instructions, and the court erred in directing the verdict. The evidence shows that on November 2, 1904, W. M. Rich and his wife, Mrs. Mary B. Rich, the parents of Mrs. Mary Mallicoat, executed a bond for title, obligating themselves to convey the land in controversy upon which the house referred to was built to H. D. Mallicoat and Mary R. Mallicoat; and that on November 27, 1914, a deed was executed by W. M. Rich and Mary B. Rich to Mrs. Mallicoat. There is evidence showing that H. D. Mallicoat is insolvent; and evidence from which the jury might have found as true the contentions of the bank that the house on the land was built with money which was loaned to H. D. Mallicoat on the faith of his representations in reference to his interest in the land upon which the house was constructed; and that the execution of a deed to the land to Mrs. Mallicoat individually, while the bond for title was an obligation to convey to H. D. Mallicoat and his wife, was for the purpose of hindering, delaying, and defrauding creditors. The refusal of the court to submit this issue to the jury may have been upon the theory that inasmuch as the plaintiff had stricken the

prayers of the petition for a cancellation of the deed and had stricken the name of W. M. Rich individually and as administrator, the plaintiff could not attack the deed from the parents of Mrs. Mallicoat to her. If this was the opinion of the court, it was in part erroneous; for while after striking the names of the grantors in a deed an action to cancel the deed could not be maintained, nevertheless it was competent for the plaintiff to proceed and show by evidence that the deed as it stood was a part of a scheme to defraud creditors, and the cancellation of the deed was not necessary to the maintenance of this part of the plaintiff's action. It was sufficient for the plaintiff's action to show that the money obtained from the plaintiff by the defendant, H. D. Mallicoat, was obtained by his representations that he owned a half interest in the land and that he had paid for the land, and that the title had been placed in his wife in pursuance of a scheme, and that the husband had, with the money borrowed from the bank, erected expensive improvements upon the land, which was considerably in excess of the value of the land without the improvements. And if the jury found from the evidence in favor of these contentions, there should have been a judgment for the plaintiff, not only for the amount of money found to be due, but that should have been made a special lien upon a half interest in the property described in the petition. We say a lien upon one half interest in the property, as this is the interest that the plaintiff insists upon, and it is not claiming that there should be a lien upon any greater portion of the property. For the reasons stated the judgment of the court below will be reversed      *Judgment reversed.   All the Justices concur.*