### JENNINGS *v.* MARLIN, trustee.

ATKINSON, J. 1. It is declared in the Civil Code (1910), § 5527, that: "All petitions for equitable relief shall be filed in the county of the residence of one of the defendants against whom a substantial relief is prayed."

2. "In a petition for injunction, cancellation of deeds, and other equitable relief, in which it is sought to have a conveyance of land delivered up

and canceled, the grantee in the deed is a necessary party as well as the grantor. And the petition·could be brought in the county of the residence of the grantee or in that of the grantor." *Taylor* v. *Colley,* 138 *Ga.* 41 (74 S. E. 694).

3. The adjudication of a grantor as a bankrupt does not alone deprive him of all substantial interest, so that the venue of an equitable suit instituted against him and his grantee who resides in a different county in the State, to cancel the deed, may not be laid in the county of his residence. *Peoples Bank* v. *Fidelity Loan & Trust Co.,* 155 *Ga.* 619 (4) (117 S. E. 747).

4. Accordingly, where a devisee of an undivided interest in the estate of the testator executed a warranty deed to his brother, purporting to convey such interest in consideration of one dollar, and subsequently the grantor was formally adjudged a bankrupt, a petition by the trustee in bankruptcy against the grantor and the grantee and the executor of the estate, seeking to cancel the deed and to enjoin the executor from turning over the property described in the deed to the grantee or to any other person except the petitioner, which alleged that the grantor resided in the county in which the suit was brought and that the grantee resided in a different county in the State, was not subject to a separate demurrer interposed by the grantee, which alleged that it appeared on the face of the petition that the court was without jurisdiction as to that defendant.

5. The trial judge did not err in overruling the demurrer to the petition.

*Judgment affirmed. All the Justices concur.*

No. 4439.   FEBRUARY 27, 1925.

Equitable petition. Before M. C. Edwards, judge pro hac vice. Terrell superior court. May 23, 1924.

F. M. Jennings died leaving a will in which R. H. Jennings was nominated as executor. The will was duly probated on October 12, 1921, in Terrell County, and the executor qualified and proceeded to administer the estate. R. W. Jennings, a son of the testator, was given an equal interest in the estate with the other children of the testator, subject to a life-estate· of their mother. On November 3, 1922, R. W. Jennings in consideration of $1 executed a warranty deed to his bróther, T. E. Jennings, purporting to convey the property devised to him by the testator. On December 7, 1922, R. W. Jennings was adjudged a bankrupt, and R. R. Marlin was appointed trustee for his estate in bankruptcy. After the adjudication in bankruptcy the wife of the testator ·died. On January 4, 1923, the trustee in bankruptcy instituted an equitable suit in the superior court of Terrell County against the bankrupt and his two brothers, R. H. and T. E. Jennings. The petition alleged all that is stated above, and further: that R. W. and R. H. Jennings are residents of Terrell County, and T. E. Jennings is a resident of Crïsp County, Georgia; that the ·deed execúted by

R. W. Jennings to T. E. Jennings was without any consideration, and made at a time when R. W. Jennings was insolvent and known to be so by T. E. Jennings (or he had reasonable cause to know), and for the purpose of hindering, delaying, and defrauding the creditors of R. W. Jennings; that the executor now holds for the purpose of administration and distribution that portion of the estate which the deed purported to convey to T. E. Jennings, and unless the executor is enjoined from making distribution of such portion to T. E. Jennings or other persons who might claim under the deed, and unless T. E. Jennings is enjoined from selling, conveying, or transferring such interest, irreparable injury will result to petitioner as the representative of the creditors of the bankrupt. The prayers were: (a) for cancellation of the deed; (b) for injunction to prevent the executor from turning over the share of R. W. Jennings to T. E. Jennings or to any other person than to petitioner; (c) that the right of possession of the property be decreed to be vested in petitioner; (d) that T. E. Jennings be restrained from selling, conveying, transferring, or in any other manner disposing of the undivided interest which the deed purported to convey to him; (e) for general relief. T. E. Jennings filed a demurrer which alleged: "1st. That the allegations contained in the bill show that this court is without jurisdiction as to this defendant, who is a resident of the County of Crisp, said State, and a non-resident of the County of Terrell. That no substantial relief is sought or prayed for against any defendant in said action, who is a resident of the County of Terrell, and further, that said bill is not brought for the purpose of staying any pending suit or litigation in Terrell County. 2d. Further, that the allegations contained in the bill are insufficient to authorize the recovery sought." The demurrer was overruled, and the demurrant excepted, the ground of exception being that the judgment was contrary to law, because "the petition discloses that no substantial relief is prayed against any of the parties defendant who reside in the County of Terrell, and that T. E. Jennings is a resident of the County of Crisp; that R. W. Jennings, one of the defendants in Terrell County, is alleged to be a bankrupt, and, while a grantor of the deed sought to be set aside, that he has no interest in the pending litigation; and that R. H. Jennings, while a resident of the County of Terrell, as an executor, is sought to be enjoined

from paying out funds in his hands, and that the substantial relief sought is against T. E. Jennings, a non-resident of the County of Terrell."

H. A. Wilkinson, for plaintiff in error. W. B. Parks, contra.