O'HARA *et al.* v. JACOBS *et al.*

ATKINSON, Presiding Justice. A, B, C, and D bore the natural relation of sisters to each other, so that on death of either the other three would be her heirs at law. A and B executed a deed to E, purporting to convey described lands which were owned by grantors as tenants in common. The granting clause purported to convey the property unqualifiedly, but in the habendum clause it was stated that the conveyance was "upon the uses and trusts hereinafter set forth, subject, however, to a life-estate which is hereby retained by the said parties of the first part for and during the lives of the said parties of the first part, and the survivor of them." Then follows designation of the objects of the trust. They

are thus stated in part: "(a) To permit the said parties of the first part and the survivor of them to enjoy the use, occupation, and rents, issues and profits of the said property, with all of the rights and duties to and upon the said parties of the first part and the survivor of them as life-tenants of said properties. (b) Upon the expiration of said life-tenancy of the said parties of the first part, and the survivor of them, to sell the said properties; . . and from the proceeds of said sale, or sales, to pay such expenses as may then be unpaid of the last illness and the funeral of said parties of the first part, and to place tombstone markings on the graves of the said parties of the first part." Except as so expressed, all the objects of the trusts are religious and charitable in character. A died intestate, leaving B, C, and D as her sole heirs at law. C and D as heirs at law instituted an equitable action in Berrien County against B and E, for cancellation of the deed. The petition alleged that the defendant B was a resident of Berrien County and that the defendant E was a resident of Chatham County. The judge overruled the grounds of a demurrer interposed by E urging that the petition showed on its face that the court was without jurisdiction as to the demurrant. The sole assignment of error is upon that ruling. *Held:*

1. The purport of the instrument as relates to A was to convey her one half interest in the land, so that at her death no part thereof or interest in any proceeds of sale of the land would under the laws of inheritance descend to her sisters as heirs at law. It was a conveyance of the fee, subject to a life-estate reserved to the grantor. The life-estate so reserved would devolve by purchase under the deed upon the sister B, if she survived.

2. If the instrument was void as to A by reason of her mental incapacity to make a deed, or by mental weakness coupled with fraud practiced upon her by B and E, inducing execution of the deed by A, her half interest in the property would be unaffected by the deed; and she dying intestate, that interest would upon her death descend to her three sisters by the laws of inheritance. In such circumstances equity would afford C and D, as heirs at law of A, a remedy by decree for cancellation of the deed as against both B and E, against B on the basis of the life-interest in the whole property reserved to B as survivor of A, and against E on the basis of the qualified fee, and the trusts provided by the deed. Such relief of cancellation prayed against both defendants would be substantial equitable relief against both B and E.

3. "All petitions for equitable relief shall be filed in the county of the residence of one of the defendants against whom substantial relief is prayed. . ." Code, § 3-202. "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." § 2-4303. If substantial relief prayed is against two or more defendants residing in different counties, the suit may be brought in the county of the residence of either. *Taylor v. Colley*, 138 *Ga.* 41 (74 S. E. 694); *McHenry v. McHenry*, 152 *Ga.* 105 (108 S. E. 522); *Hand Trading Co. v. Citizens Bank of Moultrie*, 160 *Ga.* 488 (128 S. E. 65). Both B and E, in a case as indicated above, could be sued in the county of the residence of either.

(*a*) In the instant case of the character mentioned above it appears on the face of the petition that substantial equitable relief was prayed against both defendants B and E, and that B resided in Berrien County where the suit was brought, and E resided in Chatham County. The judge did not err in overruling the demurrer of E, complaining that the court was without jurisdiction as to him.

(*b*) The foregoing deals with the only assignment of error in the bill of exceptions.         *Judgment affirmed.   All the Justices concur.*

No. 13291.   October 15, 1940.

*Gazan, Walsh & Bernstein,* for plaintiffs in error.

*J. P. Knight,* contra.