PLANTERS COTTON OIL COMPANY *v.* McCURLEY.

No. 15061. FEBRUARY 8, 1945. REHEARING DENIED MARCH 7, 1945.

106

*John B. Morris,* for plaintiff in error.

*A. S. Skelton,* contra.

ATKINSON, Justice. (After stating the foregoing facts.) ■
"Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." Constitution, art. 6, sec. 16, par. 3, Code, §§ 2-4303, 3-202. "Each case must be determined on its particular allegations, and must be decided on the nature, extent, and kind of equitable relief sought and the relationship between the parties to the action." *First National Bank of Atlanta* v. *Holderness,* 189 *Ga.* 819, 822 (7 S. E. 2d, 682). "In an equity suit where several persons are joined as defendants, whether or not substantial equitable relief is prayed against the only defendant shown by the petition to be a resident of the county wherein the suit is brought is not to be determined alone by the nature of the prayers against the sole resident defendant, but the petition itself must be looked to; and in the absence of allegations of fact necessary to support such prayers, the petition will not be construed as a suit whereof a court of the county of his residence has jurisdiction." *Fowler* v. *Southern Airlines,* 192 *Ga.* 845 (6) (16 S. E. 2d, 897). The essential fact necessary to confer jurisdiction is, not that a defendant residing in the county has a substantial interest in the litigation, but whether or not substantial relief is prayed against such defendant. *Railroad Commission* v. *Palmer Hardware Co.,* 124 *Ga.* 633, 639 (53 S. E. 193); *Bennett* v. *Blackshear Mfg. Co.,* 183 *Ga.* 240, 243 (187 S. E. 865). The essential result sought in the petition in the case at bar is the cancellation of H. W. McCurley's deed to Planters Cotton Oil Company as a cloud on the petitioner's title. In such a case, the grantor as well as the grantee is an essential party. *Malone* v. *Kelly,* 101 *Ga.* 194 (28

S. E. 689) ; *Bank of Commerce* v. *Mallicoat,* 150· *Ga.* 263 (103 S. E. 242) ; *Land Development Corp.* v. *Union Trust Company,* 180 *Ga.* 785, 790 (180 S. E. 836) ; *Day* v.·*Parham,* 192 *Ga.* 484 (5 a) (15 S. E. 2d, 714). It has also been held that a petition for injunction, cancellation of deeds, and other equitable relief, in which it is sought to have a conveyance of land delivered up and cancelled, may be brought in the county of the residence of the grantee or in that of the grantor. *Taylor* v. *Colley,* 138 *Ga.* 41 (74 S. E. 694) ; *Brown* v. *Wilcox,* 147 *Ga.* 546 (2) (94 S. E. 993) ; *Atlanta, Birmingham &c. Ry. Co.* v. *Smith,* 148 *Ga.* 282 (2) (96 S. E. 562) ; *Jennings* v. *Marlin,* 160 *Ga.* 74 (2) (127 S. E. 277).

The substantial prayers of the petition in the instant case are, that Planters Cotton Oil Company be required to deliver up the security deed and the same be cancelled of record, and that the petitioner have such other equitable relief (as against both defendants) as might be necessary to effect a cancellation of the deed, and its removal from the records as a cloud on her title. In other words, the major purpose of the suit is to cancel the deed, while the minor purpose is to restrain the sale of the land under the powers contained in the deed. The petition, both by its allegations and its prayers, sought substantial equitable relief against both defendants, and the venue could properly have been laid in the county ·of the residence of the grantor or in that of the grantee. A different ruling is not required by the decisions in *Caswell* v. *Bunch,* 77 *Ga.* 504, *Coker* v. *Montgomery,* 110 *Ga.* 20 (35 S. E. 273), and similar cases, holding in effect that, where a sheriff's deed is sought to be cancelled, the grantor is only a nominal party, and that the suit must be brought in the county where the grantee resides.

■ Under the allegations of the petition, the question whether the deed should be cancelled would depend on what interest the grantor, one of the children, had in the land during the lifetime of the widow. In *Walden* v. *Walden,* 191 *Ga.* 182 (2) (12 S. E. 2d, 345), it was held : "The title to property set aside as a year's support vests in the widow and minor children. The interest of a minor·in the title is not divested upon his reaching majority; and, upon the death of the widow, if she survives his majority, and the majority of any remaining children, he is entitled to his proportionate interest in such of the property as then remains uncon-

sumed." It was said in the opinion: "The widow, as the head of the family (Code, §§ 49-102, 74-106; *Fletcher* v. *Booth,* 143 *Ga.* 644, 85 S. E. 836), is vested with the exclusive right to manage and control the property for the joint benefit of herself and minor children, and, after the marriage or majority of the children, for the benefit of herself alone for life, including the power to sell (since the act of 1937, p. 861, upon approval of the ordinary) the entire interest in the property for such purpose." Applying the above principles, the grantor did not have, during the lifetime of the widow, a right to convey any present interest in a portion of the property set apart as a year's support. It follows that the petition alleged a cause of action for cancellation of the deed as a cloud upon her title, and the trial judge did not err in overruling the general demurrer interposed by the non-resident defendant.

*Judgment affirmed. All the Justices concur, except Wyatt, J., absent because of illness.*