### 21455. NORTH AMERICAN ACCEPTANCE CORPORATION v. RAMEY.

CANDLER, Justice. Mrs. Bessie Ramey filed an equitable suit in the Superior Court of Chattooga County against Lonnie G. Ramey, a resident of that county, and against Continental Aluminum Corporation and North American Acceptance Corporation, both of Fulton County, Ga. Her petition alleges: The defendant North American Acceptance Corporation is advertising for public sale in Chattooga County certain lands which belong exclusively to her and which are described in a security deed she and the defendant Lonnie G. Ramey purportedly executed and delivered to the defendant Continental

Aluminum Corporation on September 16, 1950, to secure the payment of a certain sum of money. Such purported deed was subsequently recorded in Chattooga County and afterwards transferred and assigned by the grantee to the defendant North American Acceptance Corporation. Her petition also alleges that she did not sign such deed nor authorize anyone to do so for her; that she has not ratified it or received any benefit from it; and that it is as to her a forgery and a cloud on her title. She prayed that such deed be canceled of record as a cloud on her title; that a sale of her property under the powers of sale contained in such forged deed be temporarily and permanently enjoined; and that she be granted such other equitable relief against all of the defendants as may be necessary to effect a cancellation of such instrument and its removal from record as a cloud on her title. The defendant North American Acceptance Corporation demurred to the petition generally on the ground that it did not set forth a cause of action against it. Its demurrer was overruled, and the exception is to that judgment. *Held:*

Jurisdiction of the court to grant the relief sought either as to person or subject matter is a question which can be raised by general demurrer complaining that the petition does not set forth a cause of action against the demurrant where lack of such jurisdiction appears on the face of the petition. *Mullally v. Mullally*, 199 Ga. 708 (35 SE2d 199), and the cases there cited. In the instant case it is argued that no substantial equitable relief was sought against Lonnie G. Ramey, the only resident defendant, and for that reason the Superior Court of Chattooga County was without jurisdiction to grant the relief sought against the demurrant, a resident of Fulton County. There is no merit in this contention. Respecting the relief prayed for, Lonnie G. Ramey, as a grantor in the security deed sought to be canceled, was an indispensable party to the cause. As to him, substantial equitable relief was sought, since the major purpose of the suit was to cancel the security deed which he signed as one of the grantors and thus remove it from the record as a cloud on the petitioner's title to the land described therein, and the minor purpose of the suit was to restrain a sale of the land in Chattooga County under the powers contained in such deed. For a case so holding, see *Planters Cotton Oil Co. v. McCurley*, 199 Ga. 104 (33 SE2d

270), where the facts alleged in the petition and the prayers for the cancellation of a security deed as a cloud on the owner's title are in all material respects exactly like those of the petition in the instant case. To the ruling in that case all of the Justices concurred except Mr. Justice Wyatt, who was absent because of illness. See also, in this connection, *Taylor v. Colley*, 138 Ga. 41 (1) (74 SE 694); *Bank of Commerce v. Mallicoat*, 150 Ga. 263 (1) (103 SE 242); *Sowell v. Sowell*, 212 Ga. 351, 355 (92 SE2d 524), and the several cases there cited. In the *Sowell* case, supra, it was unanimously said: "It has never been held . . . [by this court] that a deed can be canceled in a court of equity without making the grantor and the grantee parties." Since substantial equitable relief was sought against all of the defendants, namely, cancellation of the deed involved as a cloud on the petitioner's title to the land described therein, it cannot be held, as here contended, that the petitioner's suit for such equitable relief could not be brought in the Superior Court of Chattooga County, the county in which Ramey, one of the defendants, resided. *Code* § 2-4903. A different ruling is not required by the decisions in *Caswell v. Bunch*, 77 Ga. 504; *Coker v. Montgomery* 110 Ga. 20 (35 SE 273), and similar cases, holding that, where a sheriff's deed is sought to be canceled, the grantor is only a nominal party, and that suit must be brought in the county where the grantee resides.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 14, 1961—DECIDED NOVEMBER 21, 1961— REHEARING DENIED DECEMBER 8, 1961.

*Joel J. Fryer, Fryer & Harp, Joe B. Tucker*, for plaintiff in error.

*Thomas J. Espy, Jr.*, contra.