## 46571. STEPHENSON v. EDWARDS.
### (377 SE2d 840)

CLARKE, Presiding Justice.

Mrs. Susan Edwards filed an action in Sumter County seeking to cancel a security deed and to enjoin sale of a house. Defendant Jane Stephenson moved to transfer the case to Harris County. The superior court denied the motion to transfer and granted Mrs. Edwards' motion for an interlocutory injunction. We affirm.

The operative facts in this appeal are undisputed. In 1985, Donald and Susan Edwards bought a house in Sumter County with funds provided by Donald's mother, Jane Stephenson, who lives in Harris County. Mr. and Mrs. Edwards executed a security deed on the house to Mrs. Stephenson. No promissory note was executed. Mr. and Mrs. Edwards and their children lived in the house until Mr. and Mrs. Edwards became estranged. In their divorce action Mrs. Edwards was awarded temporary use of the house for herself and the children. This action was filed when Mrs. Stephenson attempted to foreclose on the house and sell it. Mrs. Stephenson and Mr. Edwards were both named as defendants.

Under the Georgia Constitution of 1983, Art. VI, Sec. II, Par. III,

venue for an equity suit is in the county where a defendant resides against whom substantial relief is sought. Mrs. Stephenson contends that no substantial relief was sought against Mr. Edwards and that venue was therefore improper in Sumter County.

In deciding whether a defendant in an equitable action is a "substantial defendant," each case is " 'determined on its particular allegations, and must be decided on the nature, extent, and kind of equitable relief sought and the relationship between the parties to the action.' " *Newport Timber Corp. v. Floyd*, 247 Ga. 535, 539 (277 SE2d 646) (1981), quoting *First Nat. Bank v. Holderness*, 189 Ga. 819, 822 (7 SE2d 682) (1940). In actions to cancel a deed brought by someone who is not a party to the deed, it has frequently been held that venue is proper in the county where the grantor resides. *North American Acceptance Corp. v. Ramey*, 217 Ga. 476 (123 SE2d 253) (1961); *Planters Cotton Oil Co. v. McCurley*, 199 Ga. 104 (33 SE2d 270) (1945). *Brown v. Wilcox*, 147 Ga. 546 (94 SE 993) (1917). This is so because cancellation of a deed is substantial equitable relief against the grantor if the grantor is a defendant whose interests are aligned with maintaining the deed. See *Ramey*, supra at 477. Here, the major purpose of the suit is to cancel a security deed that Mr. and Mrs. Edwards signed as co-grantors. The complaint does not contain any specific prayer for relief against Mr. Edwards. However, Mrs. Edwards alleges in her complaint that the deed was a sham for tax purposes and that there was never any agreement to repay the money used to buy the house. She alleges that Mr. Edwards and his mother are foreclosing on the property in a collusive effort to remove the house from the marital estate. We conclude that allegations and circumstances of this case are sufficient to demonstrate that maintaining the deed will inure to the benefit of Mr. Edwards. Thus, cancellation of the deed is "substantial relief" against Mr. Edwards.

Mrs. Stephenson next asserts that the trial court erred in granting the injunction because Mrs. Edwards did not have "clean hands." This issue was not raised in the lower court, and therefore will not be addressed here. *Turk v. State Highway Dept.*, 226 Ga. 245 (174 SE2d 791) (1970).

*Judgment affirmed. All the Justices concur. Marshall, C. J., disqualified.*

DECIDED APRIL 6, 1989.

Worthington & Flournoy, Thomas M. Flournoy, Jr., for appellant.

John V. Harper, George M. Peagler, Jr., Howard S. McKelvey, Jr., for appellee.