## RIVIERE *v.* RAY *et al.*

Where in an action of ejectment, brought by a married woman to recover property claimed by her as her separate estate, the right of the defendant depends upon the validity of a conveyance from herself to him, and the validity of such conveyance depends upon whether it was executed upon consideration of the settlement of her husband's debt, if there be evidence introduced by the plaintiff from which the jury would be authorized to infer that the consideration of the conveyance was the settlement of her husband's debt rather than her own, and that these facts were known to the grantee at the time, the grant of a nonsuit is erroneous.

Argued February 20,—Decided March 22, 1897.

Complaint for land. Before Judge Felton. Crawford superior court. March term, 1896.

*H. A. Mathews,* for plaintiff. *M. G. Bayne, Eric Gambrell, R. D. Smith* and *L. D. Moore,* for defendants.

SIMMONS, Chief Justice.

Mrs. Riviere brought complaint for land against Ray and Sanders for a certain lot situated in the town of Knoxville. She testified that she had signed a deed purporting to convey to Ray the house and lot sued for; that when she was in the act of removing to another county, two attorneys of Ray insisted that she make a deed to Ray to the house and lot to settle some mortgages she had previously signed. This she refused to do. The attorneys then issued an attachment and threatened to attach her furniture if she

did not sign the deed. Her daughter being sick and among strangers, she wished to go to her, and finally upon the persuasion of these persons did sign the deed, receiving therefor no consideration. Her son claimed that Ray was to pay him $200 to sign a quitclaim deed and get his sister to sign it to the same property. He and his sister signed the deed, and when he returned with it, Burnett, another agent of Ray's, brought the papers and $200 and offered the money to Mrs. Riviere, but she refused to take it.

From this and other testimony it seems that the deed was made in settlement of some mortgages which Mrs. Riviere had theretofore given Ray to secure what was her husband's debt. She testified that Ray knew that the debt was that of her husband. She had likewise given Ray three notes of $237.45 each, to settle other notes which Ray held against her and her son Avant. Avant and her husband were in the sawmill business, and while Avant was ostensibly a partner, her husband was really the owner of the sawmill; and these notes were signed by Avant and herself upon the advice of Ray, because there were some judgments against her husband, but the notes really represented her husband's indebtedness. Her husband testified that the notes which the mortgage was given to secure were given for supplies to run the sawmill, and that the deed was given in settlement of this mortgage; that it was his debt and Avant's; that the mill was not run in his wife's name, and that she received none of the profits thereof.

A married woman in this State cannot bind her separate estate for the debts of her husband, nor can she become a surety for any one. If the testimony above recited is true, the deed to the house and lot was made in settlement of the debts of the husband of the grantor, or it was made in settlement of a mortgage given to secure notes on which she was merely a surety, all of which according to the testimony was known to the grantee. This being so, prima facie the grantor would be entitled to recover the land

sued for; at least the trial judge should have submitted the question to the jury. We think, therefore, that the grant of the nonsuit was erroneous; and accordingly

*Judgment is reversed. All the Justices concurring.*