DeLOACH *v.* BENNETT, superintendent of banks.

1. "To constitute one a stockholder, some sort of subscription or contract is required, whereby the subscriber obtains the right, upon some condition, to demand stock and to exercise the rights of a stockholder. But it is not essential that a certificate should have issued, in order to create the relation of stockholder, provided a contract to take stock has been duly made, or provided the rights, privileges, and emoluments of a stockholder have been enjoyed, with the consent of the corporation. A certificate of stock is authentic evidence of the title to stock, but it is not the stock itself, nor is it necessary to the existence of the stock." 7 Ruling Case Law, 212, § 182, Supp. vol. 2, 315, § 182; Cummings *v.* State, 47 Okla. 627 (149 Pac. 864, L. R. A. 1915E, 774); Gailbraith *v.* McDonald, 123 Minn. 208 (143 N. W. 353, L. R. A. 1915A, 464, Ann. Cas. 1915A, 420); United States Radiator Corp. *v.* State, 208 N. Y. 144 (101 N. E. 783, 46 L. R. A. (N. S.) 585).

2. Without an acceptance of the charter or articles of incorporation, express or implied, there can be no corporation. Unless a special or particular mode of acceptance is provided in the articles of incorporation, in which case there must be a substantial compliance therewith, no particular formality is necessary, and acceptance may be evidenced by any act or acts tending to show an intention to accept. "Where several persons unite to form a corporation, apply

for and obtain a certificate of incorporation, inaugurate and conduct the business described in the application for incorporation in the corporate name, and contract a debt in behalf of the corporation during the course of the business," the corporation will be at least de facto and bound on the debt. *Brooke* v. *Day*, 129 *Ga.* 694 (59 S. E. 769); *City of Atlanta* v. *Gate City Gas Light Co.*, 71 *Ga.* 106, 117; 14 C. J. 109, § 10 et seq.

3. The court did not err in allowing the witness Hodges to testify as to the transaction of business and as to the ownership of stock by designated persons, it not being shown in the ground of the motion that it was made to appear to the court at the time the ruling was made that the minutes of the corporation contained any record of the transactions and facts testified about.

4. The court did not err in refusing to allow the witness DeLoach to testify as to the several amounts claimed to be due him by the original company. These amounts were immaterial in view of the fact that it was already shown by the undisputed evidence that the old company was indebted to DeLoach and that he had taken a deed in his name to the property of the old company bought by him in behalf of himself and others at the sheriff's sale.

5. Where one, with full knowledge of the facts, permits another who is in possession of his property, to incumber his property by a mortgage lien without disclosing his interest to the mortgagee, and where such owner assures the mortgagee that the property is worth the amount loaned and furnishes the description to be incorporated in the mortgage, he will be estopped, as against the mortgagee, from thereafter asserting claim of title to the property. In the present case there was a conflict of evidence on this issue, and it was error for the court to direct a verdict instead of submitting the disputed issues to the jury.

(a) The oral evidence to the effect that G. W. DeLoach took a deed to the property and held legal title to the same was admitted without objection; and accordingly the above ruling is based on the theory that the claimant has shown legal title to the property embraced in the mortgage. Whether this evidence would be admissible over appropriate objection is not decided.

No. 3658. October 12, 1923.

Claim. Before Judge Strange. Evans superior court. January 18, 1923.

*Daniel & Durrence, W. G. Warnell,* and *P. M. Anderson,* for plaintiff in error.

*W. H. Brewton,* contra.

Gilbert, J. Evans County Bank foreclosed a mortgage on described real property in the possession of Evans County Oil Mill and Ginnery Company. Mortgage fi. fa. was duly levied, and the property was advertised for sale. G. W. DeLoach filed a claim to the property. On the trial of the claim issue the court directed a

verdict for the mortgagee, plaintiff in fi. fa. The claimant moved for a new trial; the motion was overruled, and the case is in this court on exceptions to that judgment. The property in dispute, prior to 1915, was owned by the Hagan Oil Mill and Fertilizer Company, which company became insolvent, and the property was sold by the sheriff at public sale. G. W. DeLoach, acting in behalf of his fellow stockholders in that company, as well as himself, bought in the property for $14000. The purchasers applied to the superior court for a new charter, and were accordingly granted articles of incorporation under the name of Evans County Oil and Ginnery Company. The property aforesaid constituted the capital stock of the new company. G. W. DeLoach and others, formerly shareholders in the Hagan Oil and Fertilizer Company, became the shareholders in the new company. The new company took possession of the property and transacted business thereon and therewith and pursuant to the terms of the new charter. W. H. Hodges acted as president and R. E. DeLoach as secretary of the new company. The old company was indebted to G. W. DeLoach at the time it ceased to do business. The exact amount of this indebtedness was not shown, because the court deemed the evidence immaterial and rejected it when offered by the claimant. When G. W. DeLoach bought in the property he caused the sheriff to execute the deed to himself, instead of to the new company or to the actual purchasers for whom he acted. The deed was never recorded, and has been lost or misplaced. On the trial G. W. De-Loach testified to the facts in regard to the making of the deed and its loss, but did not state the contents of the deed as a whole. A copy of the deed was not established. G. W. DeLoach did not pay any money or other thing of value for the property at the time he bid it off at the sheriff's sale. No certificates of stock in the new company were ever issued, and there was no formal acceptance of the charter by the shareholders. The new company continued to do business and to hold exclusive possession of the property, and, on September 6th, 1919, executed the mortgage to Evans County Bank to secure a loan of $2500, the same being signed by "Evans County Oil & Ginnery Company, by W. H. Hodges, Pres., R. E. DeLoach, Sec." This was the mortgage which was foreclosed as above mentioned. The minutes of the company show that G. W. DeLoach owned 27 shares of stock and

that he was a director in the company and on the steering committee, and that he, together with D. M. Bradley and W. H. Hodges, were elected "special advisory directors." In addition to the above undisputed facts the brief of evidence shows the following: The plaintiff in fi. fa. introduced evidence to the effect that G. W. DeLoach was fully cognizant at all times of the application by the Evans County Oil Mill and Ginnery Company to the Evans County Bank for the loan, and of the execution of the mortgage to secure the same; that G. W. DeLoach conferred with the parties about the loan, furnished the description of the property to be incorporated in the mortgage, and assured the bank officials that the property was well worth the amount. This evidence was denied by G. W. DeLoach, who swore that he did not know of any of these facts, nor of the execution of the mortgage, nor that he had been elected a director in the new company until about the time the loan became due. In addition to the general grounds of the motion for new trial complaint is made, first, that the court permitted W. H. Hodges to testify that the new company was doing business, that himself, G. W. DeLoach, and others had stock in the same; and second, that the court refused to allow G. W. DeLoach to testify as to the several items of indebtedness claimed by him against the original company. Error is assigned also on the direction of the verdict.

The headnotes require no further elaboration.

*Judgment reversed. All the Justices concur.*