GREESON, clerk, *v.* TAYLOR, receiver; *et vice versa.*

All persons who are interested in sustaining or reversing the judgment of the court below are necessary parties in the Supreme Court, and must be made parties to the bill of exceptions. An inspection of the record and bill of exceptions in the present case discloses that not all of the persons who are interested in sustaining or reversing the judgment of the court below are made parties to the bill of exceptions; and the writs of error both upon the main and cross-bills must be dismissed.

Nos. 4589, 4602. May 12, 1925.

Motion for cost allowance. Before Judge Irwin. Chattooga superior court. September 30, 1924.

*Wesley Shropshire, C. D. Rivers,* and *J. M. Bellah,* for plaintiff. *Denny & Wright* and *E. S. Taylor,* for defendant.

HILL, J. T. M. Ballenger et al. brought an equitable petition against Mary S. Dill et al., praying for the appointment of a receiver for the property of the partnership of M. P. Dill & Company, and for other relief. D. C. Greeson was clerk of the superior court at the time, and performed all the duties as clerk in the case made by the petition. The petition was dismissed by the plaintiffs at the following term of the court to which it was brought; and a decree of the court was rendered, reciting that the firm of M. P. Dill & Co. had benefited from the proceedings, and adjudged against that firm the costs of court in blank. The clerk issued execution on this judgment for the costs in an amount less than he afterwards claimed was allowed by law, recorded the cost fi. fa. on the general execution docket, and was paid the amounts stated in the execution. The date of the judgment was March 15, 1922, and on April 10, 1922, on the petition of Ella Ballenger et al. *v.* T. M. Ballenger et al., John D. Taylor was by the court appointed receiver of the property of M. P. Dill & Co. The receiver under order of the court took charge of the assets of M. P. Dill & Co., and continued to hold and administer the same until D. C. Greeson filed his motion, by way of intervention, for costs alleged to be due him in both the above-described cases for services performed by him as clerk. In both cases Greeson claims fees as allowed clerks of the superior court in equitable proceedings, under the act of 1920 (Acts 1920, p. 117), allowing credit for certain payments made thereon. Upon the hearing of the clerk's motion for the allowance of his costs in both cases, the court disallowed the

fees claimed in the first receivership proceeding, upon the ground that he was barred by the decree rendered in that case. To this judgment D. C. Greeson, clerk, excepted. In the second receivership case the court entered a judgment in favor of the clerk for $840.55, and to this judgment Taylor, receiver, filed a cross-bill of exceptions. On the call of the case of Greeson, clerk, v. Taylor, receiver, the defendant in error made a motion to dismiss the main bill of exceptions upon the following grounds: "1. Because the following necessary parties are not made parties to this bill of exceptions, to wit, Mrs. Ella Ballenger as administratrix of the estate of W. E. Dill, and Mrs. Ella Ballenger individually, who were plaintiffs in the original case in the lower court, and T. M. Ballenger, and the other defendants named in the original petition, who were defendants in the original action, all of said parties being directly interested in the decision complained of, and being necessary parties to said bill of exceptions. 2. Because said bill of exceptions was never served upon any of the parties who were plaintiffs and defendants in the original action in the lower court, and there was no waiver or acknowledgment of service by them."

In *Teasley* v. *Cordell*, 153 *Ga.* 397 (2) (112 S. E. 287), a case very similar in its facts to the present case, it was held: "Where, on the call of a case for argument in the Supreme Court, a motion is made to dismiss the bill of exceptions on the ground that one of the parties defendant in the litigation in the court below, and who is directly interested in having the judgment excepted to sustained by this court, is not named as a party defendant in the bill of exceptions, and has not been served with a copy of the same and has not acknowledged service thereof as required by law, and is a necessary party to the bill of exceptions, and where an inspection of the bill of exceptions and the record shows that the allegations in the motion to dismiss the bill of exceptions are true, the Supreme Court is without jurisdiction of such case, and the bill of exceptions must be dismissed." And see *Edwards* v. *Wall,* 153 *Ga.* 776 (113 S. E. 190), and cases cited. The case of *McGregor* v. *Third National Bank,* 124 *Ga.* 557 (55 S. E. 93), is distinguishable from the present case, in that no question was raised in that case that necessary parties were not made parties to the bill of exceptions. All parties who are interested in sustaining or reversing the judgment of the court below are indispen-

sable parties in the Supreme Court. An inspection of the record and bill of·exceptions in the instant case shows that Mrs. Ella Ballenger as administratrix of the estate ·of W. E. Dill, and Mrs. Ella Ballenger individually, who were plaintiffs in the original case in the lower court, and T. M. Ballenger and others, defendants named in the original petition, were directly interested in the decision complained of, and are therefore necessary parties to the bill of exceptions. Not having been made parties to the present bill of exceptions, this court is without jurisdiction to entertain the writ of error, and the same will therefore be dismissed on the motion of the defendant in error. The main bill of exceptions having been dismissed for the foregoing reasons, the cross-bill of exceptions must also be dismissed.

*Writs of error in both main and cross-bills dismissed. All the Justices concur, except Gilbert, J., absent for providential cause.*