HUEY *et al. v.* NATIONAL BANK OF FITZGERALD.

No. 9213.   MAY 12, 1933.

*H. C. Morgan,* for plaintiffs in error.

*Jay & Garden* and *McDonald & McDonald,* contra.

BELL, J.   On April 8, 1932, National Bank of Fitzgerald filed an equitable suit in the superior court of Ben Hill County against Lon Dickey and T. J. Dickey, residents of Ben Hill County and Glynn County respectively, and against H. G. Huey Gas & Oil Company, a partnership whose members were residents of Clinch County. There were no other parties defendant.   H. G. Huey Gas & Oil Company, which will be hereinafter referred to as the Huey Company, filed a demurrer questioning the jurisdiction of the superior court of Ben Hill County as to this partnership or the members thereof, and also contending that the petition failed to set forth any cause of action.   The Huey Company also filed a plea to the jurisdiction.   The court "overruled" the demurrer and the plea to the jurisdiction, and the Huey Company excepted.   The defendant in error moved to dismiss the writ of error, because the defendants Lon Dickey and T. J. Dickey were not made parties to the bill of exceptions.   In response to this motion the Huey Company prayed for leave to amend the bill of exceptions by adding Lon Dickey and T. J. Dickey as parties plaintiff in error.   The record does not show that either of these parties made any appearance in the superior court.

The petition alleged the following facts:   On January 6, 1909, Lon Dickey Lumber Company (hereinafter called the Dickey Company) was incorporated by the superior court of Ben Hill County, and was thereafter duly organized as a corporation.   Its charter expired by operation of law on January 6, 1929, and "said charter has not been renewed, . .   and said corporation is not now in existence."   At the expiration of the charter of this company it was not indebted to any person, and no action has been taken by any one for the administration of its assets through a receiver.   Lon Dickey and T. J. Dickey owned the entire outstanding capital stock of the Dickey Company when its charter expired, and upon the happening of this event the title to all of the corporate property, both real and personal, immediately vested in these stockholders as tenants in common.   On March 4, 1930, the Dickey Company executed and delivered to the Huey Company its deed to secure a debt, purport-

ing to convey certain real estate situated in Coffee County, the debt being "evidenced" by a promissory note of even date for the sum of $6000. The Huey Company was not previously a creditor of the Dickey Company, and this note, executed in the name of the Dickey Company, actually represented a loan negotiated by Lon Dickey from the Huey Company, "and the proceeds thereof were received by Lon and T. J. Dickey and used for their individual use and benefit." The security deed contained a power of sale, under which the Huey Company is now advertising the property for sale for the purpose of satisfying "such alleged indebtedness." Such deed was and is void by reason of the fact that the same was executed and delivered subsequently to the expiration of the charter of the Dickey Company.

The National Bank of Fitzgerald is the transferee of a common-law execution against Lon Dickey and T. J. Dickey, based upon a judgment of the superior court of Ben Hill County, rendered on October 16, 1929, which execution was duly recorded in Ben Hill County on October 22, 1929, and in Coffee County on January 18, 1930. (A copy of the execution was attached to the petition, and showed a balance due amounting to about $7000.) Upon its entry on the general execution docket of Coffee County the execution became a general lien upon the real estate thereafter purportedly conveyed by the security deed. This deed is a cloud upon the title to the property; and if the Huey Company is permitted to sell the property thereunder, the sale would create a further cloud upon such title. The existence of the security deed would deter any one from bidding upon the property if the same should be sold under the plaintiff's execution. To avoid a multiplicity of suits, it is necessary that the sale under the security deed should be enjoined; that the deed be declared to be a cloud upon the title; that the property be decreed to be vested in Lon Dickey and T. J. Dickey, subject to the lien of the plaintiff's execution; and that the Huey Company be adjudged to have "no right, title, interest, claim, or lien in and to said . . property." Lon Dickey and T. J. Dickey are both insolvent, and the plaintiff has no complete and adequate remedy at law. There is now "located and growing upon the real estate hereinbefore described a considerable amount of timber, which constitutes a material portion of the value of said property; and if said timber is cut and removed from said property, the value thereof will be materially depreciated."

The petition contained the following prayers: (1) That the Huey Company, their members, agents, and employees be enjoined from selling the property under the security deed, and from transferring or assigning this deed and the evidence of indebtedness secured thereby. (2) That Lon Dickey and T. J. Dickey be enjoined from committing any waste, injury, or damage to the lands and premises, and "in particular from cutting and removing from said lands any of the timber growing thereon." (3) That a decree be entered cancelling the security deed. (4) That the title to the lands be declared to be vested in Lon Dickey and T. J. Dickey, subject to the special lien of the execution held by the plaintiff. (5) That the plaintiff have such other and further relief as may be in accordance with equity.

A demurrer to the petition was filed by the defendant partnership. This demurrer was overruled, and the partnership excepted. There is no merit in the motion to dismiss the writ of error, based upon the ground that the other parties defendant were not made parties to the bill of exceptions. "Where a petition is filed against several defendants, and a separate demurrer thereto by one or more of them is overruled, the remaining defendants need not be made parties to, or be served with a copy of, a bill of exceptions assigning as error the overruling of the demurrer mentioned." *Jones* v. *Hurst*, 91 *Ga.* 338 (1) (17 S. E. 635) ; *Cox* v. *Hardee*, 135 *Ga.* 80 (68 S. E. 932) ; *Hibble* v. *Mutual Oil Co.*, 170 *Ga.* 694 (153 S. E. 771) ; *McGaughey Bros.* v. *Latham*, 63 *Ga.* 67 (2) ; *Mechanics & Traders Bank* v. *Harrison*, 68 *Ga.* 463 (2). Under these decisions, the bill of exceptions even as originally brought was not subject to dismissal, and it was unnecessary that the plaintiff in error should have offered to amend by making the codefendants parties plaintiff in error. But since the demurrer challenged the plaintiff's right to any relief whatever *(Ruis* v. *Lothridge*, 149 *Ga.* 474 (2), 100 S. E. 635; *Tillman* v. *Davis*, 147 *Ga.* 206, 93 S. E. 201), it enured to the benefit of all of the defendants. *Tate* v. *Goode*, 135 *Ga.* 738 (70 S. E. 571, 33 L. R. A. (N. S.) 310). In these circumstances, all of the defendants could have been joined as plaintiffs in error in the bill of exceptions; and since the two codefendants were not so joined, the plaintiff in error has the option of adding them by amendment, "and this, too, without giving notice to the parties so added." *Ramey* v. *O'Byrne*, 121 *Ga.* 516 (2) (49 S. E. 595) ;

*Southern Railway Co.* v. *Lancaster,* 149 *Ga.* 434 (100 S. E. 380). The amendment offered by the plaintiff in error should be and is allowed.

■ If the petition otherwise stated a cause of action as to the Huey Company, whose members were residents of Clinch County, the superior court of Ben Hill County was not without jurisdiction, since it appears that one of the defendants against whom substantial equitable relief was prayed resided in that county. We refer to the defendant Lon Dickey, who was one of the stockholders of the Dickey Company, the alleged defunct corporation. The plaintiff is the holder of a joint and several common-law execution against Lon Dickey and T. J. Dickey, who were the owners of all of the outstanding capital stock of the Dickey Company, and is praying for the cancellation of a security deed alleged to have been made by the company subsequently to the expiration of its charter and after the issuance and record of the plaintiff's fi. fa. The plaintiff alleges that the security deed was·void, because the grantor had become extinct as a corporation, and is asking that the title to the property be decreed to be vested in the stockholders as tenants in common and to be subject to the lien of the plaintiff's execution. In other words, the right of the individual defendants to be treated as stockholders is alleged to have lapsed in favor of a tenancy in common, which is a materially different relation to the company's assets, if not also to its liabilities. Compare *Planters & Miners Bank* v. *Padgett,* 69 *Ga.* 159; *Brooke* v. *Day,* 129 *Ga.* 694 (59 S. E. 769) ; *Venable* v. *Southern Granite Co.,* 135 *Ga.* 508 (69 S. E. 822, 32 L. R. A. (N. S.) 446) ; *Ward-Truitt Co.* v. *Bryan,* 144 *Ga.* 769 (87 S. E. 1037) ; 14 C. J. 200, 226, §§ 208, 232.

It follows that if the plaintiff has a cause of action for the grant of the relief sought, the stockholders would be vitally affected by a judgment in the plaintiff's favor, and, regardless of whether they should be treated as grantors in the security deed *(Taylor* v. *Colley,* 138 *Ga.* 41, 74 S. E. 694; *Jennings* v. *Marlin,* 160 *Ga.* 74 (2), 127 S. E. 277), they were necessary parties. In a suit in equity, all persons "whose rights and interests are sought to be affected are necessary parties defendant" *(Hermann* v. *Mobley,* 172 *Ga.* 380 (4), 158 S. E. 38; *Bird* v. *Trapnell,* 147 *Ga.* 50 (5), 92 S. E. 872; *Atlanta, Birmingham & Atlantic Ry. Co.* v. *Smith,* 148 *Ga.* 282 (2, 3), 96 S. E. 562) ; and where they are joined as such defendants,

they are parties against whom substantial equitable relief is prayed within the meaning of the rule as to venue in equity cases. Civil Code (1910), § 6540.

In what is said above, we have merely assumed that the petition stated a cause of action as to all defendants, and under the particular facts of this case if a cause of action was alleged against the Huey Company, the plaintiff would also be entitled to the equitable relief prayed for as against the other defendants, which relief would be substantial, and not merely incidental so as to deprive the court of jurisdiction. *Glenn* v. *Cauthen,* 150 *Ga.* 784 (105 S. E. 365; *Herrington* v. *Bryan,* 169 *Ga.* 382 (150 S. E. 555).

■ By the act of August 17, 1912 (Ga. L. 1912, p. 107), the legislature provided that where a charter granted by a superior court "has expired, and such corporation has continued in business in ignorance of such expiration, said charter may be revived . . in the same manner as the original charter was procured, at any time within five years from the date of such expiration," and if the court passes "an order reviving such corporation, all the property and other rights of such corporation shall continue in the corporation as so revived and the acts and doings of such corporation, in the period between the date of expiration and the date of reviver, shall be thereby confirmed and held as the acts and doings of the original corporation so revived, and such corporation shall continue from the date . . of such order by the superior court for the full period allowed by law for such corporations." By the act of 1914 (Ga. L. 1914, p. 96) the provisions as to revival were extended to corporations chartered otherwise than by a superior court. The substantial provisions of both acts are stated in Park's Annotated Code, 1914, § 2823 (i).

Obviously, a corporation whose charter has expired is not a perfect legal entity so as to be classed as a corporation de jure. But may it not be considered as a corporation de facto? Such a corporation has been defined to be "an association which actually exists for all practical purposes as a corporate body, but which, because of failure to comply with some provision of law, has no legal right to corporate existence." *Council* v. *Brown,* 151 *Ga.* 564 (3), 567 (107 S. E. 867). "The existence of a corporation, claiming a charter under color of law, can not be collaterally attacked." Civil Code (1910), § 2226. Regardless of what may have been the rule

before the passage of the acts of 1912 and 1914 *(Venable* v. *Southern Granite Co.,* supra; *Rayle* v. *Bennett,* 173 *Ga.* 897, 162 S. E. 267), it is not now the law that a corporation is deprived of all semblance of legality merely by the expiration of its charter; but under these statutes the charter may under certain conditions be revived at any time within five years; and if it is so revived, all of the property and other rights "of such corporation" shall continue as corporate assets and all that the "corporation" may have done in the meantime shall be "held as the acts and doings of the original corporation so revived."

The petition in this case alleges no facts to show that a revival of the Dickey Company may not be yet had, the five-year period not having expired; and so far as appears, the company must be treated as a de facto corporation. *Georgia Southern & Florida R. Co.* v. *Mercantile Trust Co.,* 94 *Ga.* 306 (21 S. E. 701, 32 L. R. A. 208, 47 Am. St. R. 153) ; *Brown* v. *Atlanta Railway & Power Co.,* 113 *Ga.* 462 (39 S. E. 71) ; *Council* v. *Brown,* 151 *Ga.* 564 (2, 3) (107 S.·E. 867) ; *Garrison* v. *Marietta Trust Co.,* 155 *Ga.* 562 (2) (118 S. E. 48) ; *DeLoach* v. *Bennett,* 156 *Ga.* 633 (2)  (119 S. E. 592) ; *Rayle* v. *Bennett,* 173 *Ga.* 897 (162 S. E. 267) ; 14 C. J. 226, § 232.   Whatever may have been said to the contrary in *Rogers* v. *Toccoa Power Co.,* 161 *Ga.* 524 (2), 530 (131 S. E. 517, 44 A. L. R. 534), was unnecessary to the decision there rendered, and the effect of the statutes referred to above was not involved in that case.

Under the facts alleged in the petition, all parties to the security deed would be estopped to deny the corporate existence of the Dickey Company. *Imboden* v. *Etowah Mining Co.,* 70 *Ga.* 86; *Torras* v. *Raeburn,* 108 *Ga.* 345 (2) (33 S. E. 989) ; *Consolidated Textile Corporation* v. *Exposition Cotton Mills,* 158 *Ga.* 747 (2) (124 S. E. 707). Whether or not this estoppel would extend to and bind the present plaintiff, the instant suit is nevertheless a mere collateral attack upon the life and being of the company as a corporation, and such an attack is not permissible, where, as here, the company has at least the character of a de facto corporation. *Wood* v. *Coosa & Chattooga River R. Co.,* 32 *Ga.* 273 (3), 292; Dallas County *v.* Huidekoper, 154 U. S. Appx. 654, 835 (14 Sup. Ct. 1190, 25 L. ed. 974) ; 14 C. J. 199, 204, §§ 206, 216, and cit.

The case is not altered by the fact that the consideration of the security deed was a loan the proceeds of which "were received by

Lon and T. J. Dickey and used for their individual use and benefit." It is not alleged that the loan was procured for this purpose, nor even that the Huey Company was acquainted with the purpose for which the loan was obtained. Compare *Temples* v. *Equitable Mortgage Co.*, 100 *Ga.* 503 (28 S. E. 232, 62 Am. St. R. 326); *Riviere* v. *Ray*, 100 *Ga.* 626 (28 S. E. 391); *Gross* v. *Whitely*, 128 *Ga.* 79 (57 S. E. 94); *Singleton* v. *Bank of Monticello*, 113 *Ga.* 527 (38 S. E. 947). Furthermore, the plaintiff is neither a creditor nor a stockholder of the Dickey Company, and can take no advantage of the fact that money borrowed in the company's name may have been appropriated to the individual use of its stockholders.

We have reached our conclusion in this case without reference to the act of August 19, 1918 (Ga. L. 1918, p. 136, Park's Code Supp. 1922, §§ 2246(a), 2246(b)), which provides, among other things, that the dissolution of a corporation from any cause "shall not bring about its total extinction." The act of 1918 might possibly have some bearing upon the instant case; but in view of what has been said, we do not deem it necessary to enter upon a construction of that statute for the purpose of determining whether any of its provisions would be applicable in a case like the present. Compare *Dixie Mfg. Co.* v. *Ricks*, 153 *Ga.* 364 (2) (112 S. E. 370).

There was no error in overruling the demurrer so far as it related to the question of jurisdiction, nor in "overruling" the plea to the jurisdiction, if the order should be construed as striking the plea for insufficiency. But, on the merits, the petition failed to set forth a cause of action for any of the relief sought, and the court erred in not sustaining the general demurrer upon that ground.

*Judgment reversed.   All the Justices concur.*