HOWARD *v.* COLUMBUS BANK & TRUST CO., executor.
JONES *v.* COLUMBUS BANK & TRUST CO., executor.

Nos. 10907, 10908. December 11, 1935.
Rehearing denied March 24, 1936.

*G. Y. Tigner, Foley & Chappell,* and *A. W. & John G. Cozart,* for plaintiffs in error.

*Slade, Swift, Pease & Davidson, Hollis & Young,* and *William de L. Worsley,* contra.

BECK, Presiding Justice. In the petition filed by Columbus Bank and Trust Company, as executor of the will of Richard Howard, it was alleged that there were difficulties in the construction of the will of Richard Howard, and it was prayed that the court construe the will and give direction to the executor as to who were the persons entitled to certain remainder interests created by the will. The parties defendant named by the petition were sisters of the testator, children and representatives of deceased brothers, and children and representatives of deceased sisters. The deceased had a brother of the half-blood, John Tyler Howard, who died prior to the death of the testator and prior to the time of making the will. This half-brother of the testator had three children, one of them a daughter, Florence Howard Richardson, who survived the testator and is still living, and who is a defendant in the court below. The testator had another brother of the half-blood, Robert M. Howard, who died prior to the testator, and who left surviving him no children of his own blood; but Mrs. Nan Howard Burts, who is living, claims that she is an adopted daughter of Robert M. Howard, and that as such she is interested in and entitled to a share in the remainder-estate, after the termination of the life-estate. There are numerous other defendants who claim they are entitled to share in the estate.

One of the defendants, Mrs. Addie Howard, filed a general demurrer and special demurrers to the petition and the amendments thereto, as did also another defendant, Mrs Juanita Jones. In these demurrers the right of Mrs. Florence Howard Richardson to recover the interest claimed by her was contested; and this is also true of the claims of Mrs. Burts. The interests of these two defendants and certain others were put in issue by the demurrers filed by Mrs. Addie Howard and Mrs. Juanita Jones. These demurrers were overruled, and Mrs. Addie Howard and Mrs. Juanita Jones each filed a separate bill of exceptions. Motions to dismiss the writs of error were made by Columbus Bank and Trust Company and by Florence Howard Richardson.

The motions to dismiss must be sustained. Mrs. Florence Howard Richardson and Mrs. Nan Howard Burts had an interest in sustaining the judgment overruling the demurrers raising the question as to whether they had a direct and manifest interest in the estate as claimed by them and as to which the petition of Columbus

Bank and Trust Company prayed for an adjudication. "Where, on the call of a case for argument in the Supreme Court, a motion is made to dismiss the bill of exceptions on the ground that one of the parties defendant in the litigation in the court below, and who is directly interested in having the judgment excepted to sustained by this court, is not named a party defendant in the bill of exceptions, and has not been served with a copy of the same and has not acknowledged service thereof as required by law, and is a necessary party to the bill of exceptions, and where an inspection of the bill of exceptions and the record shows that the allegations in the motion to dismiss the bill of exceptions are true, the Supreme Court is without jurisdiction of such case, and the bill of exceptions must be dismissed." *Teasley* v. *Cordell,* 153 *Ga.* 397 (2) (112 S. E. 287). See *Greeson* v. *Taylor,* 160 *Ga.* 392 (128 S. E. 177) ; *Sistrunk* v. *Lipscomb-Weyman-Connors Co.,* 179 *Ga.* 48 (175 S. E. 12).

The decisions *Huey* v. *National Bank of Fitzgerald,* 177 *Ga.* 64 (169 S. E. 491), and in cases where like rulings were made, apply where a petition is filed against several defendants having the same interest in the outcome of the suit. In such cases, where one or more of the defendants file demurrers which are overruled, the remaining defendants need not be made parties to a bill of exceptions. But where, instead of having the same interest, the defendants interested were actually antagonistic and adverse, as in the instant cases, it is well recognized that the ruling in the *Huey* case has no application. *Emanuel Farm Co.* v. *Batts,* 176 *Ga.* 552 (168 S. E. 316). See *Daniel* v. *Virginia-Carolina Chemical Co.,* 50 *Ga. App.* 275 (177 S. E. 925), and cit. In view of the rulings in the cases cited, the motions to dismiss must be sustained.

*Writs of error dismissed. All the Justices concur.*