28967. WHITE *v.* STATE LIFE INSURANCE COMPANY.

Decided September 30, 1941.  Rehearing denied October 22, 1941.

*H. W. Nalley, Lawton Nalley,* for plaintiff.
. *Blackshear & Blackshear,* for defendant.

GARDNER, J.  The plaintiff in error brought suit in the State court against the State Life Insurance Company, a non-resident, and David Mullis and Malcomb Mullis, residents of the State.  The insurance company petitioned for a removal of the cause to the United States district court on account of diversity of citizenship in a separable cause of action.  The judge granted an order of removal, and the plaintiff excepted.  A bill of exceptions naming only the State Life Insurance Company as defendant in error was certified.  The other two defendants were not named in the bill of exceptions or served.  The defendant in error filed a motion to dismiss the writ of error for want of proper parties, whereupon the plaintiff in error filed a motion for leave to amend the bill of exceptions by making the resident defendants in the court below plaintiffs in error in this court.  The plaintiff in error contends, first, that the two resident defendants were not necessary parties to the bill of exceptions, and, second, if necessary parties at all, they should be parties plaintiff in the bill of exceptions with Mrs. White rather than parties defendant with the insurance company as in the court below, for the reason that the two residents are interested in having the judgment of the court below reversed rather than affirmed.

First let us inquire as to necessary parties to a bill of exceptions. "No party shall be considered as interested in the litigation in the appellate court who will not be affected by the judgment to be rendered in that particular case." Code, § 6-1202. "When removal is proper, the effect is to carry the entire case into the Federal court." *Southern Railway Co.* v. *Edwards,* 115 *Ga.* 1022 (42 S. E.

375). In *Armour & Company* v. *Bowden,* 50 *Ga. App.* 476, 477 (178 S. E. 394), which involved several defendants one of whom was a non-resident, the court, after stating that the case was a proper case for removal, said: "And when removal is proper, the effect is to carry the entire case into the Federal court." In *Emanuel Farm Company* v. *Batts,* 176 *Ga.* 552 (168 S. E. 316), the court held: "All parties who are interested in sustaining the judgment of the court below, or who would be affected by a judgment of reversal, are indispensable parties . . and must be made parties to the bill of exceptions, or the writ of error will be dismissed." See also *Orr* v. *Webb,* 112 *Ga.* 806 (38 S. E. 98); *Toccoa Electric Power Company* v. *Panter,* 178 *Ga.* 258 (173 S. E. 131); *Poteet* v. *Beaver,* 180 *Ga.* 383 (178 S. E. 721); *Benson* v. *Lewis,* 176 *Ga.* 20 (166 S. E. 835); *Edwards* v. *Wall,* 153 *Ga.* 776 (113 S. E. 190). Hence, David Mullis and Malcomb Mullis are essential parties to the bill of exceptions, as they would be affected in the event of a reversal. They are therefore legally interested in the result.

The next question is whether, under the facts of this case, the two resident defendants in the court below, not having been named in the bill of exceptions as either plaintiffs or defendants, and not having been served, may be made parties plaintiff in error by amendment, on motion filed by the plaintiff in error. *Powell* v. *Young,* 56 *Ga. App.* 613, 614 (193 S. E. 358); *Huey* v. *National Bank of Fitzgerald,* 177 *Ga.* 64, 67 (169 S. E. 491). The Code, § 6-1202, provides: "When the record shall show clearly who were the parties to the litigation in the court below, and the bill of exceptions shall show that all who were interested in sustaining the judgment of the court below have been served, the writ of error shall not be dismissed because the bill of exceptions sets forth the parties differently from the record, or discloses that some party not interested in sustaining the judgment of the court below has not been served. No party shall be considered as interested in the litigation in the appellate court who will not be affected by the judgment to be rendered in that particular case, such as sheriffs upon a money rule when the contest is between various claimants of the fund and not between the sheriff and any one of them, or a receiver occupying a similar relation, or a complainant in a bill of interpleader, and other parties occupying similar positions.

This recital of instances shall not be construed to exclude cases coming under the intention of this section but not mentioned herein." In *Howard* v. *Columbus Bank & Trust Co.,* 182 *Ga.* 23, 25 (184 S. E. 713), the court held: " 'Where, on the call of a case for argument in the Supreme Court, a motion is made to dismiss the bill of exceptions on the ground that one of the parties defendant in the litigation in the court below, and who is directly interested in having the judgment excepted to sustained by this court, is not named a party defendant in the bill of exceptions, and has not been served with a copy of the same and has not acknowledged service thereof as required by law, and is a necessary party to the bill of exceptions, and where an inspection of the bill of exceptions and the record shows that the allegations in the motion to dismiss the bill of exceptions are true, the Supreme Court is without jurisdiction of such case, and the bill of exceptions must be dismissed.' *Teasley* v. *Cordell,* 153 *Ga.* 397 (2) (112 S. E. 287). See *Greeson* v. *Taylor,* 160 *Ga.* 392 (128 S. E. 177); *Sistrunk* v. *Lipscomb-Weyman-Connors Co.,* 179 *Ga.* 48 (175 S. E. 12). The decisions in *Huey* v. *National Bank of Fitzgerald,* 177 *Ga.* 64 (supra), and in cases where like rulings were made, apply where a petition is filed against several defendants having the same interest in the outcome of the suit. In such cases, where one or more of the defendants file demurrers which are overruled, the remaining defendants need not be made parties to a bill of exceptions. But where, instead of having the same interest, the defendants interested were actually antagonistic and adverse, as in the instant cases, it is well recognized that the ruling in the *Huey* case has no application. *Emanuel Farm Co.* v. *Batts,* 176 *Ga.* 552 (supra). See *Daniel* v. *Virginia-Carolina Chemical Co.,* 50 *Ga. App.* 275 (177 S. E. 925), and cit. In view of the rulings in the cases cited, the motions to dismiss must be sustained."

It will be observed from a reading of the above authorities, with due regard to those cited by counsel for plaintiff in error in their brief against the motion to dismiss, that the authorities do not sustain the position that David Mullis and Malcolmb Mullis can be made parties plaintiff in error in this court. Counsel have cited no authority to sustain such a course, and we have been unable to find any. In support of their unique position they use this language: "A successful removal by the foreign defendant but en-

larges the area from which to select its jury, and abrogates local influence if any exists. By that token the local defendants would prefer to defend their case in the State court and the county of their residence. If they are parties at all to the bill of exceptions they would thus be interested in having the judgment of the court below reversed, and they would appropriately appear as parties plaintiff in error in the bill of exceptions."

The bill of exceptions must be served on the opposite party or service properly acknowledged within 10 days after being signed and certified. The Code, § 6-911(1), provides: "Within 10 days after the bill of exceptions shall be signed and certified, the party plaintiff therein shall serve a copy thereof upon the opposite party or his attorney, and if there shall be several parties with different attorneys, upon each, with a return of such service (or acknowledgment of service) indorsed upon or annexed to such bill of exceptions; and they alone are parties defendant in the appellate court who are thus served." *Ethridge* v. *Finney,* 119 *Ga.* 147 (45 S. E. 974). In *Craig* v. *Webb,* 70 *Ga.* 188 (2), the court held: "Necessary defendants to a bill of exceptions, who have not been served, may appear by themselves, or counsel appearing of record, or whose representation is not contested, acknowledge service and consent for the case to proceed." The two resident defendants are not parties to the bill of exceptions by either of these provisions, and we can not agree with counsel that they may be made parties plaintiff in error because their interest will be best served and they would prefer having the case tried in the county of their residence instead of in the Federal court, as being a legal reason why they may be made parties plaintiff in error. It is not so much a question of their personal interest or desire, but it is a question of whether they will be legally affected and are thereby legally interested. We have no right as a matter of law to inquire into their personal preference as to the proper forum in which the case is to be tried, but are concerned only as to their legal status. We can not say as a matter of law that they would personally prefer one forum to another. When the judgment of removal was signed it became the law of the case, fixing the proper forum for all the defendants, and will so remain until reversed as provided by law. Hence until reversal of the judgment which concerned the two resident defendants they are defendants in the Federal court, and

this status can not be changed by any proceeding affecting them unless and until they are properly served and made parties to such proceeding, and the proper proceeding to do this is by a bill of exceptions in which they are defendants. They can not legally be made defendants in the court below and plaintiffs in error in this court in a common-law action such as this case. The motion for leave to amend the bill of exceptions is overruled, and the writ of error is *Dismissed.* *Broyles, C. J., and MacIntyre, J., concur.*