### OWENS *v.* MACK, administrator.

HEAD, Justice. The bill of exceptions names I. S. Mack, as administrator of Fannie Valentine Owens, as the only defendant in error. One of the defendants named in the petition, Fannie Valentine Dickens (for whom service of the petition was acknowledged by counsel), is not named as defendant in error, nor was service of the bill of exceptions perfected on her. The interest of Fannie Valentine Dickens, as a claimant to the property, is antagonistic to the claim of Carrie Bell Johnson Owens, the plaintiff in error. Manifestly Fannie Valentine Dickens would be interested in having the judgment of the court below sustained,

since the administrator is required under a prior order of the court (which order would be nullified should the demurrer be sustained) to collect rents on the property from the claimant, Carrie Bell Johnson Owens, pay the taxes, and preserve the property and moneys collected for the person whose claim of title is eventually sustained. Under the well-recognized rule that all persons interested in sustaining or reversing the judgment of the trial court are indispensable parties in the Supreme Court and must be made parties to the bill of exceptions, this court is without jurisdiction, and the writ of error must be dismissed. *Edwards* v. *Wall,* 153 *Ga.* 776 (113 S. E. 190); *Boyd* v. *DeVane,* 202 *Ga.* 243 (42 S. E. 2d, 632).

*Writ of error dismissed. All the Justices concur, except Duckworth, P. J., who dissents, and Bell, J., absent on account of illness.*

### ON MOTION FOR REHEARING.

The plaintiff in error insists in his motion for rehearing that the court overlooked the rule (and authorities cited where the rule is applied) that, where the demurrer of one of several defendants is overruled, it is not necessary to make other defendants parties to the bill of exceptions, or serve them with the writ of error. The authorities cited by the plaintiff in error are sound and correctly apply the rule under the facts as stated. The rule is applied, however, (and authorities cited are applicable) only in those cases where there is no such diversity of interest among the defendants as is shown by the allegations of the petition in this case. The persons named in the petition for interpleader are each alleged to be asserting a claim of title to the property, described as the property of the deceased at the time of her death. The interest of each claimant (or defendant) is therefore directly antagonistic to the claim of title by the plaintiff in error. Other conflicts in interest are pointed out in the opinion. In *Howard* v. *Columbus Bank & Trust Co.,* 182 *Ga.* 25 (184 S. E. 713), it was held: "The decisions in *Huey* v. *National Bank of Fitzgerald,* 177 *Ga.* 64 (169 S. E. 491) [cited by the plaintiff in error in the motion for rehearing], and in cases where like rulings were made, apply where a petition is filed against several defendants having the same interest in the outcome of the suit. In such cases, where one or more of the defendants file demurrers which are overruled, the remaining defendants need not be made parties to a bill of exceptions. But where, instead of having the same interest, the defendants interested were actually antagonistic and adverse, as in the instant cases, it is well recognized that the ruling in the *Huey* case has no application." The motion for rehearing is denied.

No. 16311. SEPTEMBER 7, 1948. REHEARING DENIED SEPTEMBER 15, 1948.

During the pendency of the motion for a rehearing, Honorable W. F. Jenkins (who was Chief Justice on the date when the majority opinion was first published) resigned as a member of this court to become Chief Justice Emeritus, and Honorable W. H. Duckworth was elected by his colleagues as Chief Justice.

Chief Justice Duckworth dissented from the denial of the motion for a rehearing, directed that his dissent be entered on the

judgment of September 7, 1948, and wrote the following dissenting opinion:

DUCKWORTH, C. J., dissenting. I dissent on the ground that a reversal of the judgment overruling the general demurrer by this defendant in an interpleader proceeding could not adversely affect another defendant to the same proceeding.

Interpleader. Before Judge Hendrix. Fulton Superior Court. May 13, 1948.

I. S. Mack, as permanent administrator of Fannie Valentine Owens, filed a petition alleging: At the time of the death of Fannie Valentine Owens there were two deeds of record vesting title in her and Sam Valentine to described property. The petitioner was administering upon the estate of Fannie Valentine Owens, consisting principally of her interest in the described property. Fannie Valentine Dickens, Carrie Bell Johnson Owens, and Mary Owens, have each made demand upon the petitioner that he either deliver the property, or the proceeds from any sale thereof, to her. The petitioner has no interest in the controversy other than to be directed by the court in the distribution of the property. There is certain personal property in the physical possession of Carrie Bell Johnson Owens, who also occupies the major portion of the real estate. In order to avoid a multiplicity of suits, it is necessary that all persons claiming the property be required to interplead and assert their claims. The prayers were: that each of the defendants be required to interplead and assert her claim; that they be enjoined from instituting or prosecuting any claim except in the instant suit; that the petitioner be authorized and directed to hold the property during the pendency of the suit; that direction be given the petitioner in the premises; and for process, service, and further relief.

On April 18, 1947, a rule requiring the persons named as defendants to show cause why they should not be required to interplead was duly entered. It was further provided that the defendants were enjoined from prosecuting any suit relative to the subject-matter other than in the present action, and "petitioner is directed to hold the described property which is in his legal custody as administrator," keep the same in good order and repair, collect reasonable rent, and pay taxes as they may become

due; and service was ordered to be perfected on non-resident defendants by publication, unless such service should be acknowledged.

On May 19, 1947, the defendant, Carrie Belle Johnson Owens, filed a general demurrer to the petition of Mack, as administrator. On May 27, 1947, another order was passed by the judge of the superior court, in which it was recited that Carrie Bell Johnson Owens was in possession of the property described in the petition, and it appearing that "there are several claimants to the title to the property," it was ordered that she remain in possession for one year, or until December 24, 1947; that I. S. Mack, administrator, is entitled to possession subject to the right of Carrie Bell Johnson Owens, as set forth; that, at the expiration of the year, I. S. Mack should collect rent on the property and hold all sums collected until "title to the property is determined on a trial of the issues;" and that title was not adjudicated by the order, but such issue was "left to the determination of a jury." On May 13, 1948, an order was entered, in which it was stated that, in view of the order of May 27, 1947, the general demurrer of the defendant, Carrie Bell Johnson Owens, was overruled. The exception is to this order.