Robert G. **JOHNSON** and Leah D. Johnson, as shareholders of National Investors Inc., for themselves, for the other shareholders of said corporation, and for and on behalf of National Investors, Inc., Plaintiffs,

v.

John W. **BUSBY**, George Weems, William A. Kelly, Oliver Rainwater, Glenn Bennett and D. S. Harrington, Defendants.

Civ. A. No. 11213.

United States District Court
N. D. Georgia,
Atlanta Division.

Nov. 28, 1967.

Gerald A. Friedlander (Nall, Miller, Cadenhead & Dennis), Atlanta, Ga., for plaintiffs.

Claude E. Hambrick, Atlanta, Ga., for defendants.

## ORDER

EDENFIELD, District Judge.

Plaintiff in this case has requested equitable relief to resolve a shareholders' dispute over the right to the present control of a corporation. The corporation in question, National Investors, Inc., is engaged in developing real estate in Clayton County, Georgia, for a trailer park. The plaintiff, Robert G. Johnson, a citizen of Louisiana, founded the corporation in 1962 and was both President and a member of the Board of Directors of the company from its inception until November, 1966. The defendants are all citizens of Georgia and are persons who now claim to be the directors of the corporation.

The present dispute arises out of a purported election of a new Board of Directors in August, 1967. At this meeting, two of the company's seven directors were virtually unanimously elected. There is no dispute about them. The stockholders split into two factions on the remaining five posts, however, and their two slates were separated by the votes of approximately 45,000–50,000 shares. The slate supported by Mr. Johnson, which included himself as a director, was declared the winner by the Proxy Committee. The losing side, however, has retained control of the books and accounts of the corporation and has refused to turn them over to the victors. Their justification of this action is that Mr. Johnson voted 100,000 shares of stock which had been improperly issued.

Since this was the margin of victory for the winning side, the parties have stipulated that resolution of Mr. Johnson's right to vote the 100,000 shares will determine the question of the right to control of the corporation, at least temporarily.

The evidence shows that the 100,000 shares in question were issued to Mr. Johnson as the result of a resolution of the Board of Directors passed at a meeting on March 1, 1966. Five of the seven members of the then Board of Directors were present. Defendants Kelly and Harrington were absent. The minutes of the meeting (signed by Johnson as President and defendant Weems as Secretary) show that the motion to grant Mr. Johnson an option to buy the shares at par value, in consideration of his having served as President of the corporation for four years, was passed unanimously. The option was subsequently exercised and Mr. Johnson gave the corporation his note for $20,000, the value of the 100,000 shares at their par value of 20 cents a share. This note was carried on the books of the corporation as an asset as of the date of the most recent comprehensive audit. The shares were properly issued to Mr. Johnson in March of 1966, signed by the President and Secretary, and stamped with the corporation seal. There has been no formal demand for the return of the shares, no suit has been filed asking for their return, and they are still in Mr. Johnson's possession.

At a stockholders' meeting held on August 15, 1966, the stockholders then present, including defendants Kelly and Harrington, unanimously approved the issuance of the shares to Mr. Johnson and expressly ratified the conduct of the Board of Directors in authorizing the issuance. Mr. Johnson voted the 100,000 shares at that meeting. At another stockholders' meeting held on November 21, 1966, Mr. Johnson was not re-elected to the Board of Directors. The tally of the votes at this meeting, signed by defendant Busby, shows that Mr. Johnson again voted this stock.

Defendants' sole basis for challenging the right of Mr. Johnson to vote his stock lies in the circumstances surrounding the March 1, 1966 meeting at which its issuance was initially authorized by the Board of Directors. It is conceded that a practice had developed of not strictly complying with the bylaws of the corporation in that written notice was not customarily given the members of the Board before a meeting. It had become customary for an employee of the corporation to telephonically notify the members when a meeting was scheduled. The bylaws of the corporation called for written notice, but provided that in its absence, a meeting would be valid when all the directors attended. If all the members did not attend, then the meeting could still be validated if all the directors signed the minute book. The March 1, 1966 meeting did not conform to any of these provisions of the bylaws. However, the evidence shows that the difficulty of compliance with the letter of the bylaws had been recognized well before the meeting in question and, in an effort to legitimatize the directors' lack of compliance with the bylaws, all the directors had previously signed a number of waivers of notice, with the date of the meeting left blank. These would then be filled in with the appropriate date and time of the meeting and the same date inserted for the time of signature. The two directors who were absent from the March 1, 1966 meeting had previously signed such a waiver of notice in blank, and the dates had been filled in by others.

On due consideration of all the factors involved, the court finds no justifiable reason to divest Mr. Johnson of the voting rights implicit in his possession of the stock certificate at this time. A different result may be required on final trial, but where a stockholder has the certificate in his possession, this is authentic evidence of title to the stock itself. DeLoach v. Bennett, 156 Ga. 633, 119 S.E. 592 (1923). This conclusion is supported by other facts in the record,

for while there may have been some irregularity in the conduct of the meeting which authorized the issuance, it appears, superficially at least, that it was inconsequential because:

(1) The stockholders subsequently ratified all the acts of the Board of Directors. The absent directors not only failed to use the right to then protest the meeting, but actually ratified the prior meeting themselves in their capacity as stockholders.

(2) Defendants also appear to be estopped from raising the irregularity of the directors' meeting by virtue of their own previous participation in similar meetings under similar circumstances.

(3) Defendants also appear to be estopped from protesting the issuance of the shares to Mr. Johnson in view of the evidence that at various times they participated in acts to which their acceptance of the validity of the shares was essential, with full knowledge of the manner in which they had been issued.

(4) Finally, defendants appear to be barred by laches from contesting the right to vote the shares when almost one-and-one-half years had passed between their issuance, of which all the parties were aware, and the first challenge to Mr. Johnson's right to vote them.

Therefore, defendants are hereby enjoined from further interference with the efforts of plaintiff and his slate of directors (Glenn Bennett, D. S. Harrington, Robert G. Johnson, Judge Robert Brown, Roland Brown, John A. Duncan and Garold Ferguson) to operate and direct the affairs of the corporation. Further, defendants are directed to immediately transfer to this Board and such officers as they may have elected for the corporation, all assets, books, records, and other affairs of the corporation over which defendants may be in position to exert control or influence.