KAISER *et al. v.* KAISER.

No. 9810. August 13, 1934.

*Spalding, MacDougald & Sibley* and *P. F. Brock,* for plaintiffs in error.

*Arnold, Arnold & Gambrell,* contra.

PER CURIAM. Mrs. Ruth B. Kaiser filed in DeKalb superior court a petition seeking to enjoin a revival of the charter of the Nat Kaiser Investment Company, which expired on January 7, 1933. The defendants named were Herbert Kaiser and Mrs. Helen Kaiser Schwab, residents of DeKalb County; Grover C. Kaiser and Irving R. Kaiser, of the State of California; Nat Kaiser Investment Company, a corporation chartered by an order of Fulton superior court and having its principal office in Fulton County. The petitioner alleged that the individual defendants owned 2400 of the 3000 shares of the capital stock of the corporation; that plaintiff owned 4 shares outright, and was the owner of the beneficial interest in 596 shares, the legal title to which was in the First National Bank of Atlanta as her trustee; that on February 17, 1933, a petition for revival of the charter of said corporation was filed in Fulton superior court, pursuant to a resolution of a majority of the stockholders passed on February 10, 1933, in which it was alleged that the corporation had continued in the exercise of its functions as a corporation in ignorance of the expiration of its charter, though in fact said corporation had continued in business since the expiration of its charter with knowledge of such expiration, and had thereby barred itself from the right to a reviver thereof. The petition further alleges that it will be more beneficial to the owners of the stock in said corporation that its affairs be wound up and its assets divided among the holders of the stock than to continue the corporation as such, and that there is no sound reason for continuing the existence of the corporation. She prayed that the defendants be enjoined from proceeding further with the petition for reviver, and that the assets of the corporation be disposed of as in cases of corporations whose charters have expired. A temporary restraining order was granted. The defendants demurred on the

ground that "The petition shows on its face that the superior court of Fulton County, Georgia, has jurisdiction over the subject-matter of this petition and jurisdiction over the parties to this case, and that the superior court of Fulton County has taken jurisdiction over the subject-matter of this litigation prior to the institution of this action." The defendants also demurred on the grounds that the allegations of the petition affirmatively disclose that plaintiff has a full and adequate remedy at law, and that the allegations of the petition fail to set forth a cause of action against the defendants or any of them. Special demurrers were directed to certain portions of the petition. The court overruled the demurrers. The defendant answered, putting in issue the material averments of the petition. On interlocutory hearing the defendants made a motion to dismiss the petition on the ground that the action was improperly brought in DeKalb superior court, and should have been brought in Fulton superior court. The court entered no formal order on this motion, but, as stated in the bill of exceptions, "the court assumed jurisdiction of the cause and passed on its merits, and in substance and effect denied the oral motion of defendants to dismiss the case." Upon this hearing both sides introduced evidence, that for the plaintiff including her verified petition, and copy of the petition for reviver. The petition for reviver was filed in the name of the Nat Kaiser Investment Company. The evidence was in sharp conflict. At its conclusion the court granted an injunction restraining the defendants from proceeding further with the application for reviver of the charter of the corporation. The defendants excepted to each of the rulings heretofore stated.

■ The first headnote requires no elaboration.

■ The judgment overruling the general demurrer leaves the proceeding pending for trial at a future term of the court. The overruling of the special grounds of demurrer, if erroneous, is not such error as to require a reversal of the judgment, which retained the action in court. The portions of the petition which were attacked by special demurrer may still be so amended as to afford the defendants proper information to enable them to prepare their defense; and to this end the former judgment overruling the special demurrers is set aside, with direction to the court to make such ruling as to the special demurrers as in his judgment may be in accordance with law. The petition alleged that "while said corpora-

tion has continued in business since the date of the expiration of its charter, it has continued with knowledge of the expiration of its charter." If this be true, as it must be taken to be on demurrer, the defendants are not entitled to have the charter of the corporation revived. The provision of law for the reviver of charters of corporations which have expired imposes, as one of the requisite conditions for the obtaining of such reviver, that "such corporation has continued in business in ignorance of" the fact that such charter has expired. Park's Code, § 2823 (i).

■ In the conflict of evidence as to the ignorance of the stockholders of the corporation as to the expiration of the corporation's charter, the judge, as trior of the facts, was authorized, under the evidence for the plaintiff as incorporated in her sworn petition, to find that the corporation had continued in business, after the expiration of its charter, with knowledge thereof.

*Judgment affirmed. All the Justices concur, except Hutcheson, J., disqualified.*

ATKINSON, J., concurs in the judgment.

RUSSELL, C. J., concurring specially. Under our law all persons are divided into two classes, natural and artificial. A corporation is not a natural person, but a creature of the law, an artificial person. A corporation is made by law by the transformation of natural persons, or a natural person, into the artificial person called a corporation. A natural person is entitled to perform any act which may be lawfully performed by any other natural person. A corporation, in its application for existence, is confined to the exercise of those rights and privileges only which are specified in its application for charter if approved by the State, acting in cases of charters granted by the superior court through the judge of the superior court. In a natural person, the functions which he is authorized to perform in his relations to his fellows are not arbitrarily limited. He may carry on any given business or calling in accordance with the general rules of law for an unlimited time, or until senility or death overtakes him. The period of existence of such corporations as the one involved in this case, which was granted by the superior court, is twenty years, with a provision that the charter may be *revived* at any time within five years if the corporation whose charter has expired continued in the specific business which the corporation was originally created to perform, in ignorance of

the fact of such expiration. This is permissible only in one instance, which is, "said charter may be revived . . by a judgment of the superior court of the county of residence of the original corporation, in the *same manner as the original charter was procured,* at any time within five years from the date of such expiration." As the statute requires that the reviver be obtained in the same manner as the original charter was procured, it becomes necessary to inquire how the original charter was procured. In this instance it appears from the record that the original charter was granted upon the petition of certain natural persons asking to be made an artificial person. If this revival must be obtained in the same manner, it inevitably follows that the petition for revival could not be made in the name of an artificial person admittedly and confessedly dead. A corporation, which is an artificial person, has not yet been given a right like this, which does not appertain to a natural person. The law, by providing that application for the revival of a charter in the same manner as the original charter of the deceased corporation was obtained, had in view the fixed principle of law above stated, and which is applicable to natural persons. It is therefore very evident that the trial judge, for this reason, did not err in his judgment granting an interlocutory injunction. Nor did the court err in overruling the demurrer to the petition. All of the defendants, as alleged by the petitioner, were attempting to have the corporation of the Nat Kaiser Investment Company revived. Two of the parties named are alleged to be citizens of DeKalb County. In these circumstances the fact that Herbert Kaiser and Mrs. Helen Kaiser Schwab were joint defendants in the petition, and that substantial relief was prayed against them, clearly gave jurisdiction to the superior court of DeKalb County to adjudicate the question whether they should be permitted to further prosecute the pending action for revival. It is immaterial in the adjudication of the issue before the court that the law provides that a charter, if defunct, must be revived in the county where it was originally granted; for the petition states that the attempt to revive was filed in the superior court of Fulton County. The superior court of Fulton County alone can revive or refuse to revive the charter of Nat Kaiser Investment Company. But, according to the allegations of the petition, the presence of the Nat Kaiser Investment Company (which being dead can make no ap-

peal to the courts on earth or in heaven) as one of the defendants, was properly held by the trial judge to be of no importance. The only question before the court was whether the defendants were entitled to a reviver in any event, because they had not continued in the allotted business of the corporation in ignorance of the fact that the charter had expired. The allegation of the petition that the defendants were not ignorant of the fact that the charter of the corporation had expired was not subject to general demurrer. The court did not err in retaining the action in court over the objection that the petition set forth no cause of action, or upon the ground that the petitioner had an adequate remedy at law. Nor does the overruling of the special grounds of demurrer require a reversal of the judgment of the court below. The portions of the petition sought to be attacked by special demurrers may still be the subject-matter of amendment upon the trial. It is true, as a general rule, that in the grant of charters to those corporations whose creation is by law placed within the jurisdiction of the superior court, that court is not subject to review or any interference by objectors. Nevertheless, I am of the opinion that under the requirements of Park's Code, § 2823(i), the petition for reviver must be made in the same manner as an original application for a charter; that is, by natural persons (no matter if the artificial person is to be the successor and bear the same name as the defunct corporation).