## ATLANTA TRUST COMPANY *v.* OGLETHORPE UNIVERSITY *et al.*

No. 12704. MARCH 9, 1939.

*Drennan & Neeson* and *Evins, Quillian & Evins,* for plaintiff.

*Watkins, Grant & Watkins,* and *Tye, Thomson & Tye,* for defendants.

DUCKWORTH, Justice. The Atlanta Trust Company filed suit in Fulton superior court against Oglethorpe University, B. M. Blount, H. B. Kennedy, and Thornwell Jacobs, alleging, that the Silver Lake Park Company was chartered by the superior court of Fulton County on January 7, 1907; that the charter was accepted, and the corporation was duly organized and operated as such; that the petition for charter asked to be incorporated for twenty years, with the privilege of renewal, and the charter expired by operation of law either on the 6th or 7th day of January, 1927, and by operation of law the title of all property owned by the corporation vested in the stockholders as trustees for the benefit of creditors, and when all creditors were paid the remainder, if any, vested in the stockholders; that the plaintiff obtained judgment against Blount on July 7, 1931, on which there remained due approximately $58,376.60, besides interest; that Blount was a stockholder in the Silver Lake Park Company when its charter expired, at which time that company was the owner of valuable property (number of tracts of land described); that an attempt was made to revive the corporation by filing a petition in the superior court of Fulton County, on February 18, 1930, in the name of the corporation, with an attached resolution of the stockholders requesting the revival, and an order or judgment reviving the charter was entered by the court on March 13, 1930; that the order was totally void, since the charter had expired and no legal entity was in existence, and for the further reason that the attempt to revive did not comply with the statute for revival of a charter in the same manner in which charters are obtained; that after the attempted revival of the charter the corporation delivered what purported to be a warranty deed dated March 14, 1930, conveying portions of the property described in the petition to the Oglethorpe University, and a purported warranty deed to defendant Thornwell Jacobs, dated January 29, 1934, conveying portions of the property; that after conveying the property an attempt was made to surrender the charter of the corporation, and an effort was made to dissolve it in

this manner: A petition for surrender was filed in the name of the Silver Lake Park Corporation, and an order of the court was entered, granting the same; that the petition and order were totally void, because the charter had already been dissolved, and the attempt to revive was ineffective. On information and belief it was alleged that the corporation owed considerable debts when its charter expired, and Oglethorpe University and Thornwell Jacobs paid some or all of these debts; that Blount is insolvent except for his interest in the properties of the corporation when the charter expired; that, due to the effort to revive the charter and convey the title to its properties, and to the fact that the interest of Blount in the properties can not be easily determined, an accounting is necessary; that petitioner is without an adequate remedy at law in reaching the assets of Blount, and (for numerous other alleged reasons) equity should take jurisdiction; and that the attempt to revive the charter was invalid for the further reason that the stockholders operated the business of the dormant corporation with knowledge that its charter had expired. The prayers were for accounting, receiver, injunction, cancellation, and general relief.

Oglethorpe University and Jacobs filed a general demurrer on the ground that the petition failed to state a cause of action against either of them and failed to show that the plaintiff was entitled to any relief against either of them. An order was entered, sustaining the demurrer and dismissing the action; to which judgment the plaintiff excepted.

Since the plaintiff's action against these defendants rested entirely on its attack upon conveyances to them by the Silver Lake Park Company on the ground that the corporation's charter was void, the only question for decision by this court is whether the charter was void. The Code, § 22-601, provides as follows: "In all cases where a charter of any corporation incorporated by . . any superior court has expired, and such corporation has continued in business in ignorance of such expiration, . . said charter may be revived by a judgment of the superior court of the county of residence of the original corporation, in the same manner as the original charter was procured, at any time within 10 years from the date of such expiration: Provided, that a majority of the stockholders of such corporation, at a regular or called meeting, notice of the purpose having been given to the stockholders, shall have

adopted a resolution asking for such revivor, and all stockholders shall be bound by the resolution." The plaintiff contends that at the expiration of the 20-year period for which the original charter was granted the corporation passed out of existence entirely; that to comply with the requirements for revivor provided by statute, to wit, "in the same manner as the original charter was procured," the petition for revival would have to be signed by the individual stockholders, and that the petition signed by the corporation was a nullity, and the order of the court thereon was likewise null and void. To sustain this position the plaintiff relies upon the special concurrence of Chief Justice Russell in *Kaiser* v. *Kaiser,* 179 *Ga.* 305, 309 (175 S. E. 647), as follows: "As the statute requires that the revivor be obtained in the same manner as the original charter was procured, it becomes necessary to inquire how the original charter was procured. In this instance it appears from the record that the original charter was granted upon the petition of certain natural persons asking to be made an artificial person. If this revival must be obtained in the same manner, it inevitably follows that the petition for revival could not be made in the name of an artificial person admittedly and confessedly dead." The plaintiff admits that the language used by Chief Justice Russell was obiter dicta, but contends that it expresses a sound construction of the statute. We can not agree to this contention, because under a fair construction the Code section means that the life of the corporation under the original charter is extended 10 years beyond the 20-year period for which it is granted, provided the corporation continues in business in ignorance of the expiration of the charter. During this 10-year period, if the corporation continues operation of its business, it is a de facto corporation. *Huey* v. *National Bank of Fitzgerald,* 177 *Ga.* 64 (169 S. E. 491). Clearly, therefore, it is not "admittedly and confessedly dead." It appears from the petition that while the application for revivor of charter was made in the name of the corporation, it had attached thereto a resolution by the stockholders requesting the revivor in compliance with the statute; and in view of the fact that the corporation, under the terms of the statute, was still alive, the petition for revival of its charter was properly brought in the name of the corporation, and is not subject to the attack made upon it. It follows that the judgment based upon the petition was valid and the charter of the

corporation was legally revived, and that the conveyances by it to these defendants were valid. It was not error to sustain the demurrer. *Judgment affirmed. All the Justices concur.*